766 So.2d 440 (2000)
Raymond E. SLAPIKAS and Apollo Systems, Inc., Appellants,
v.
Carlos M. LLORENTE, P.A., and Carlos M. Llorente, Appellees.
No. 4D99-3823.
District Court of Appeal of Florida, Fourth District.
August 30, 2000.
Robert J. Edwards, Fort Lauderdale, for appellants.
Carlos M. Llorente of Carlos M. Llorente, P.A., Fort Lauderdale, and Marina Garcia Wood of Montero, Finizio, Velasquez & Reyes, Fort Lauderdale, for appellees.
KLEIN, J.
Appellants were plaintiffs in a legal malpractice action against appellees. After the trial court dismissed the malpractice case on the ground that the statute of limitations had run, the court entered the order which is the subject of this appeal, awarding attorney's fees pursuant to section 57.105, Florida Statutes (1997). We reverse.
Under section 57.105, Florida Statutes, a court can award attorney's fees where it finds "a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous ... and so clearly devoid of merit both on the facts and the law as to be completely untenable." Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla.1982). Whether fees should have been awarded in this case depends, accordingly, on whether the underlying legal malpractice lawsuit was so clearly and obviously barred by the statute of limitations as to bring it within section 57.105.
The legal malpractice case centered on the failure of the appellee defendant lawyer to properly obtain service on a defendant *441 in a federal lawsuit involving copyright infringement. In the copyright case the defect in service resulted in a dismissal of the case in April 1996, and the case could not be refiled because the statute of limitations had run.
An action for legal malpractice does not accrue "until the underlying action is concluded with an adverse outcome to the client." Silvestrone v. Edell, 721 So.2d 1173, 1175 (Fla.1998); Lenahan v. Russell L. Forkey, P.A., 702 So.2d 610 (Fla. 4th DCA 1997). The period of limitations for legal malpractice is two years. § 95.11(4)(a), Fla. Stat. (1997). In this case, the action for legal malpractice was timely, because it was filed in March 1998, less than two years after the cause of action accrued, which was when the copyright case was dismissed in April 1996. Accordingly, the malpractice action was not barred by the statute of limitations, and the order awarding attorney's fees under section 57.105, pursuant to the dismissal[1] of the malpractice action, is reversed.
STONE, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] The dismissal was apparently not appealed.