790 So.2d 1226 (2001)
Vincent J. PAPPALARDO, individually and as General Partner of Admiralty Properties, Ltd., Admiralty Properties, Ltd., and Edward Elliott, as Liquidating Trustee for Vincent J. Pappalardo, Appellants,
v.
RICHFIELD HOSPITALITY SERVICES, INC. f/k/a Richfield Hotel Management, Inc., a Delaware Corporation, and MHM, Inc., a Delaware Corporation, Appellees.
Nos. 4D00-634, 4D00-2152.
District Court of Appeal of Florida, Fourth District.
August 8, 2001.
*1227 Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, William A. Norton of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, and Kathy A. Metzger of Kathy A. Metzger, P.A., Stuart, for appellants.
Jack J. Aiello of Gunster, Yoakley & Stewart, P.A., West Palm Beach, and Clinton R. Losego of Gunster, Yoakley & Stewart, P.A., Miami, for appellees Regal Aircoa Companies, Inc. and Regal Hotels International Holdings of Hong Kong n/k/a Richfield Hospitality Services, Inc.
PER CURIAM.
The Appellants seek review of an award of attorney's fees and costs in favor of the Appellees pursuant to section 57.105(1), Florida Statutes (1999).
This suit arose out of a service contract between Vincent Pappalardo (the Plaintiff), Richfield Hospitality Services, Inc. (Richfield) and MHM, Inc. (MHM)(collectively, the Defendants). The Plaintiff contracted with the Defendants to provide marketing, feasibility and management services for them in relation to a proposed hotel complex then under contemplation by the Plaintiff. Eventually, the venture failed, the Plaintiff blamed the Defendants and then sued for breach of contract and negligent misrepresentation.
After filing the initial complaint, the Plaintiff's attorney filed an amended complaint, joining Regal Aircoa Companies, Inc., and Regal Hotels International Holdings, Ltd. of Hong Kong ("Aircoa" and "Regal" respectively) as additional defendants. Joinder of Regal and Aircoa was based upon a theory of vicarious liability. The Plaintiff alleged that Richfield and MHM were wholly-owned subsidiaries of Regal and Aircoa and, therefore, under an agency theory, Regal and Aircoa were liable for the Defendants' actions. Regal and Aircoa challenged personal jurisdiction and filed a motion to quash service, which the trial court granted. Regal and Aircoa also sought an award of attorney's fees and costs under section 57.105(1).
*1228 On the issue of attorney's fees, the court determined that:
The Plaintiff's attorneys undoubtedly acted in good faith. Their client provided the impetus for them to pursue these defendants. He provided some general information but the court finds that the actual basis of the suit was as it should be for higher caliber lawyers an independent analysis on their part of the facts that they thought they could muster to support their claim.... The client passed on some information ... and the attorneys picked up the trail from there, performed their own legal analysis and reviewed the evidence that they believed they could marshal to support their claim.... Therefore, Plaintiffs attorney's are jointly and severally liable for one-half of the attorney's fees and prejudgment interest, to-wit: $5,334.27.
The Appellants urge that the trial court abused its discretion when it awarded attorney's fees and costs. We agree.
In order to award attorney's fees against a losing party, there must be a showing that the claim was so clearly devoid of merit both on the facts and the law as to be completely untenable and frivolous. See Berman & Feldman v. Winn Dixie, Inc., 684 So.2d 320, 322-23 (Fla. 4th DCA 1996); See also Strothman v. Henderson Mental Health Ctr., Inc., 425 So.2d 1185 (Fla. 4th DCA 1983). This is a heavy burden. See Brockway v. Town of Golfview, 675 So.2d 699 (Fla. 4th DCA 1996).
Whether fees should have been awarded in this case depends upon whether the underlying cause of action, which was dismissed by the trial court, was so clearly and obviously lacking as to be untenable. See Slapikas v. Llorente, 766 So.2d 440 (Fla. 4th DCA 2000); see also Boyce v. Cluett, 672 So.2d 858, 861 (Fla. 4th DCA 1996) (an award of attorney's fees is appropriate only where the complaint fails to allege any justiciable issue). In the case at bar we cannot say the Plaintiffs' claims against Regal and Aircoa are so lacking in merit as to be untenable.
Florida courts have long recognized a cause of action against a parent corporation based upon the acts of its subsidiaries on an agency theory. See Baker v. Raymond Int'l, Inc., 656 F.2d 173, 181 (5th Cir.1981); see also Vantage View, Inc. v. Bali E. Dev. Corp., 421 So.2d 728, 733 (Fla. 4th DCA 1982).
In the instant case, the amended complaint alleged that Richfield and MHM were wholly-owned subsidiaries of Regal and Aircoa and that Regal and Aircoa exercised significant dominion and control over Richfield and MHM. The Plaintiffs' attorneys based this assertion upon information received from the Plaintiff himself, and from the deposition of former key officials with MHM and Richfield. Specifically, a former officer with MHM advised, under oath, that Aircoa, Regal and MHM were a confusing conglomerate, and were essentially one and the same company both financially and structurally. After receiving this information, the Plaintiffs attorneys conducted their own independent investigation into the organizational structure, finding instances of corporate directors, officers and legal representatives common to all entities.
This evidence supports a reasonable belief that the parent companies exercised significant dominion and control over the subsidiaries-at least reasonable enough to support joinder in the action. Thus, because there was evidence in the record to support the Appellants' theory, their claim cannot be said to be so completely and clearly lacking in merit as to be untenable.
Our ruling on this issue renders the second issue, the award of one-half of the *1229 cost and fees against the Appellants' attorneys, moot.
Accordingly, we REVERSE the order awarding attorney's fees and costs.
GUNTHER, FARMER and HAZOURI, JJ., concur.