824 So.2d 904 (2002)
Monette Klein O'GRADY, et al., Appellant,
v.
Irwin POTASH, Appellee.
No. 3D01-1960.
District Court of Appeal of Florida, Third District.
June 5, 2002.
Rehearing and Rehearing Denied September 11, 2002.
Payton & Carlson and Curtis Carlson, Miami, for appellant.
*905 Guy Spiegelman, Miami, for appellee.
Before GREEN and SHEVIN, JJ., and NESBITT, Senior Judge.
Rehearing and Rehearing En Banc Denied September 11, 2002.
NESBITT, Senior Judge.
Third Party Defendant, Monette Klein O'Grady, appeals the order denying her Motion for Entitlement to Attorneys's Fees. O'Grady sought the fees from Third Party Plaintiff, Irwin Potash under section 57.105, Florida Statutes (2001)[1]. On the face of the order the trial judge observed that in denying the fees motion, he had taken into account the "equities" of the situation,[2] including the fact that O'Grady's fees had already been paid by another party to the multi-suit, multi-party, litigation.[3] However section 57.105 provides in relevant part:
(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
Clearly, the legislature has not identified the equities of a situation as a consideration under section 57.105. Thus, the fact that O'Grady was indemnified has no bearing on the determination of her entitlement to fees. See Pompano Ledger, Inc. v. Greater Pompano Beach Chamber of Commerce, Inc., 802 So.2d 438 (Fla. 4th DCA 2001)(disapproving multiplier, but approving award of fees under 57.105, notwithstanding *906 that fees were paid by insurance company/indemnitor). See also Debra, Inc. v. Orange County, 445 So.2d 404 (Fla. 5th DCA 1984)(concluding that once the determination has been made by the trial court that there is a complete absence of a justiciable issue of law or fact, the award of attorney's fees to the prevailing party who properly moves for such fees is required). Therefore, we agree with O'Grady that the trial judge's error in taking her indemnification into account mandates reversal. Reversed and remanded, for reconsideration in light of the appropriate statutory criteria.
GREEN, J., concurs. SHEVIN, J., dissents.
NOTES
[1] Section 57.105 was amended in 1999. Both parties agree that it is the amended version of the statute that is applicable to the instant dispute. As explained in Forum v. Boca Burger, Inc., 788 So.2d 1055 (Fla. 4th DCA 2001), the 1999 amendment to section 57.105 considerably changed the standards governing fee awards: the statute does not apply only to an entire action, but now applies to any claim or defense, and the awards of fees are no longer limited to situations in which there is a complete absence of a justiciable issue of either law or fact raised by the losing party, as the operative standard is that the party and counsel knew or should have known that any claim or defense asserted was not supported by the facts, or not supported by an application of then existing law.
[2] The order at issue stated in part that the trial judge had decided not to award fees under section 57.105, "based upon the allegations made by Potash, the equities, and the totality of the circumstances, including that O'Grady has had her fees paid pursuant to an indemnification agreement."
[3] O'Grady and Potash were Board Directors at Fisher Island Club, Inc. Boca Investors agreed to purchase land on Fisher Island from Island Developers and was attempting to set up financing for that purpose. Boca Investors alleged that as a result of a wave of litigation initiated by Potash and others, the deal had gone sour. Boca Investors sued Potash claiming Tortious Civil Conspiracy and Civil Conspiracy to Tortiously Interfere with an Advantageous Business Relationship. Potash maintained that the moving force in the litigation was O'Grady and filed his third party action for contribution, indemnification, subrogation, and equitable subrogation. O'Grady filed her motion to dismiss for failure to state a cause of action. The trial court granted the motion to dismiss the contribution claim but left the indemnification claim, where Potash claimed various justifications including a vicarious relationship with O'Grady. Thereafter, Potash filed a voluntary dismissal. O'Grady then filed her motion for attorney fees under section 57.105, arguing Potash's action had no merit under the facts or the law.