828 So.2d 414 (2002)
BRIDGESTONE/FIRESTONE, INC., Bridgestone Corporation, S & H Firestone and Tire Super Center, Appellants,
v.
S. Renee HERRON and Larry A. Dawson, as Parents and Natural Guardians of Crystle Dawson, a Minor, Appellees.
No. 1D02-0382.
District Court of Appeal of Florida, First District.
October 4, 2002.
*415 Steven E. Stark and Christopher E. Knight of Fowler, White, Burnett, P.A., Miami, for Appellant Bridgestone Corporation.
Donald W. St. Denis and Brett A. Hastings of Anderson, St. Denis & Glenn, P.A., Jacksonville, for Appellant Tire Super Center.
William F. Jung and Paul M. Sisco of Jung & Sisco, Tampa, for Appellees.
PADOVANO, J.
Bridgestone Corporation, one of the defendants in a product liability case, appeals a nonfinal order denying its motion to dismiss for lack of personal jurisdiction. We find no merit to the appeal. Furthermore, we conclude that Bridgestone and its attorneys knew or should have known that the jurisdictional argument made in the initial brief was not supported by the material facts. Consequently, we affirm the trial court's order and grant the appellee's motion for appellate attorney's fees under section 57.105, Florida Statutes (1999).
The complaint alleges that on June 3, 2001, Renee Herron was traveling with her daughter, Crystle Dawson, when a tire on her Jeep Cherokee separated causing the vehicle to roll over several times. Crystle suffered catastrophic injuries which left her paralyzed. The tire that was said to have caused the rollover was a Firestone Wilderness AT tire. It was manufactured by Bridgestone/Firestone, Inc., a wholly-owned subsidiary of Bridgestone Corporation.
According to the complaint, the defective tire was part of a set of new tires Ms. Herron had purchased in June 2000 from a Firestone dealer in Crestview, Florida. These tires were subsequently included in a recall by the manufacturer. When Ms. Herron received notice of the recall, she took her Jeep back to a Firestone dealer. The dealer installed two new tires on the front of the Jeep and took the existing front tires and moved them to the rear. This, the dealer said, would comply with the recall instructions and make the vehicle safe to drive.
Bridgestone moved to dismiss the complaint for lack of personal jurisdiction. The argument for dismissal was that the *416 actions of a subsidiary corporation are not sufficient to establish that the court has personal jurisdiction over the parent company. The trial court determined that the Bridgestone Corporation had subjected itself to personal jurisdiction by the commission of specific acts apart from those of its subsidiary. The court also concluded Bridgestone had been engaged in substantial business activities of its own in Florida, and that it was therefore subject to the jurisdiction of the Florida courts under the general provision of the long-arm statute.
The order denying the motion to dismiss is based entirely on the facts that were not in dispute. Bridgestone is incorporated in Japan and it produces tires for sale in the United States and other countries. Tires labeled with the Bridgestone name are distributed by Bridgestone/Firestone, Inc., and then sold along with Firestone tires to consumers in Florida and other states. Bridgestone advertises its tires on billboards in Florida and its name is used in numerous retail tire stores throughout the state. Additionally, Bridgestone produces a line of sporting goods sold to consumers in Florida.
Although Firestone Wilderness AT tires were made by Bridgestone/Firestone, Inc., the Bridgestone Corporation supervised the recall of those tires. Part of the claim against Bridgestone in this case is that it mismanaged the recall by including only the Wilderness AT tires made at a particular plant when it knew or should have known that Firestone Wilderness AT tires made in any of the Bridgestone/Firestone plants were also defective.
It is apparent from the record that Bridgestone derives millions of dollars in revenue from the sale of its products in Florida. Nevertheless, Bridgestone insists that it is not subject to the jurisdiction of the Florida courts. The company continues to advance this argument, even though it has been rejected many times before by other courts in Florida and in other states. As shown by the affidavits filed in the trial court, there are at least ten other cases in which the courts have held that Bridgestone Corporation is subject to state court jurisdiction for injuries caused by defective tires.
Bridgestone's appeal to this court is plainly without merit and could not be sustained under any interpretation of the law. The trial court correctly concluded that Bridgestone had subjected itself to the jurisdiction of the Florida courts under the general provision in the long arm statute. As the trial court held, Bridgestone was engaged in "substantial and not isolated" business activities in Florida. § 48.193(2), Fla. Stat. (1999). See Dean v. Johns, 789 So.2d 1072 (Fla. 1st DCA 2001). The trial court was also correct in holding that personal jurisdiction could be asserted against Bridgestone for its mishandling of the recall. This was a specific act that could support the exercise of jurisdiction under any one of three sections of the long arm statute. See § 48.193(1)(a), (b), (f), Fla. Stat. (1999).
Our decision to affirm the order requires no further explanation. The remaining question is whether the appellees are entitled to attorney's fees for their successful defense of the appeal. To resolve this issue, we must first consider the text of the applicable statute. Section 57.105, Florida Statutes (1999), states in material part:
(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney *417 knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense, or
(b) Would not be supported by the application of then-existing law to those material facts.
This statute was adopted as a part of the 1999 Tort Reform Act in an effort to reduce frivolous litigation and thereby to decrease the cost of employing the civil justice system. See Ch. 99-225, § 4, Laws of Fla. The Legislature sought to accomplish these goals by subjecting litigants and their lawyers to a financial consequence if they assert baseless claims or defenses. Section 57.105, Florida Statutes (1999), expands the remedies that were previously available.
A court could award attorney's fees under the prior version of section 57.105, only if there was a "complete absence of a justiciable issue of either law or fact." § 57.105, Fla. Stat. (1997); Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla.1987). The essential finding the court was required to make to justify an award of fees under the prior statute could only be made at the conclusion of the entire case. Until then, the trial court would be unable to determine whether all of the arguments on one side of the case were frivolous.
In contrast, the present version of the statute authorizes an award of attorney's fees "on any claim or defense at any time during a civil proceeding or action." § 57.105, Fla. Stat. (1999) (emphasis added). This language plainly signifies that the court may award an attorney's fee for a particular claim or defense, even before the case has been concluded. It is possible then that a court may assess attorney's fees against a party who has asserted an unsupportable claim or defense, even though that party might ultimately prevail in the case on some other ground.
Several other courts have held section 57.105, Florida Statutes (1999), can be applied in this way before the conclusion of the case. See Forum v. Boca Burger, Inc., 788 So.2d 1055 (Fla. 4th DCA 2001); O'Grady v. Potash, 824 So.2d 904 (Fla. 3d DCA 2002); Gahn v. Holiday Property Bond, Ltd., 826 So.2d 423 (Fla. 2d DCA 2002). For example, in Boca Burger, the court assessed attorney's fees against defense lawyers who had presented a misleading argument on a motion to dismiss the complaint. It made no difference that the fees would be awarded before the conclusion of the case. The court explained that section 57.105 is no longer limited to "an entire action," but that it now applies "to any claim or defense." 788 So.2d at 1061.
The appellees have filed a rule 9.400(b) motion to recover attorney's fees under section 57.105, Florida Statutes (1999), for the work done in defending the appeal. They did not seek to recover attorney's fees in the trial court. Although section 57.105 appears to have been designed for use at the trial level, the Florida courts have held that it may also be employed to support a claim for attorney's fees on appeal. See Visoly v. Security Pac. Credit Corp., 768 So.2d 482 (Fla. 3d DCA 2000); Freedom Commerce Ctr. Venture v. Ranson, 823 So.2d 817 (Fla. 1st DCA 2002). Entitlement to appellate attorneys fees under section 57.105 can be based in part on section 59.46, which states that a statute providing for attorney's fees to the prevailing party in the trial court "shall be construed to include the payment of attorney's fees to the prevailing party on appeal"[1] *418 These two statutes can be used together to support a claim for attorney's fees on appeal.[2]
Section 57.105, Florida Statutes (1999), can support an award of appellate attorney's fees in an interlocutory appeal, but the changes in the statute raise a new issue regarding the assessment and payment of the fee. We must determine whether the prevailing party is entitled to a judgment for appellate attorney's fees immediately after the issuance of the mandate, or whether the right to an award of appellate attorney's fees depends on the final outcome of the case. As we have explained, the statute can now be applied to a discrete part of a civil case before it has been concluded. It follows that when appellate attorney's fees are awarded under section 57.105, Florida Statutes (1999), for an interlocutory appeal, the award should be made and enforced immediately after the appeal. On this point, the statute requires us to depart from the general rule.
Ordinarily, a prevailing party in an interlocutory appeal is not entitled to recover appellate attorney's fees for the appeal unless that party also prevails on the merits of the case in the proceeding on remand. See Allstar Builders Corp., Inc. v. Zimmerman, 706 So.2d 92 (Fla. 3d DCA 1998); Sabina v. Dahlia Corporation, 678 So.2d 822 (Fla. 2d DCA 1996); Cline v. Gouge, 537 So.2d 625 (Fla. 4th DCA 1988). This rule makes good sense in the context of a contract or a statutory provision that limits entitlement to attorney's fees to the prevailing party. A litigant does not qualify as the prevailing party merely by succeeding in an interlocutory appeal.
However, section 57.105, Florida Statutes (1999), creates an entirely different kind of entitlement to attorney's fees. The statute does not use the phrase "prevailing party" to mean the party who ultimately wins the case, but rather to refer to the party who defeats "any claim or defense." A decision requiring a party to prevail on the merits of the case in order to recover to attorney's fees for the defense of a baseless interlocutory appeal would undermine the primary objective of the statute. As we have said, the major change in the statute is that it no longer requires a party to show a complete absence of a justiciable issue, but instead allows recovery of fees for particular claims and defenses that are unsupportable.
Bridgestone argues that it should not be required to pay attorney's fees on appeal because it was merely arguing for a logical extension of the existing law. This contention is founded on section 57.105(2), Florida Statutes (1999), which states that paragraph (1)(b) does not apply if "the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, *419 or reversal of existing law, or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success." This provision in subsection (2) of the statute enables a litigant to argue for a needed change in the law without running the risk of paying attorney's fees.
Subsection (2) cannot be applied here, however, because Bridgestone had no reasonable expectation of success. The argument made on appeal was not a novel argument designed to advance the state of the law; it was simply an argument without any possible merit. Bridgestone maintained that personal jurisdiction cannot be asserted against a parent corporation for the acts of a subsidiary, but that is entirely beside the point. The order denying the motion to dismiss was not based on the legal relationship between Bridgestone and its subsidiary. Nor did the appellees argue in this court that Bridgestone should be held to answer Florida because its subsidiary manufactured a defective tire. To the contrary, the argument for asserting personal jurisdiction over Bridgestone Corporation was based on Bridgestone's own acts in connection with the Wilderness AT tire recall as well as its own extensive business activities in the state of Florida.
Section 57.105(1), Florida Statutes (1999), contains an additional exception that can be employed by an attorney who has presented an unsupportable claim or defense in good faith "based on the representations" of his or her client. Although this exception is not linked to a particular ground for awarding fees, it is necessarily limited to those claims or defenses that are not supported in fact. The statute requires evidence that the attorney acted in good faith based on the "representations" of the client "as to the existence of [the] material facts." Hence, the exception could not be applied in case like this in which the material facts are settled in the record, and the argument is unsupportable as a matter of law.
Finally, we offer a cautionary note. The courts must apply section 57.105, Florida Statutes (1999), carefully to ensure that it serves the purpose for which it was intended. If an order dismissing a claim or striking a defense routinely leads to a motion for attorney's fees, the point of the statute would be subverted and, in the end, it might even have the reverse effect of making civil litigation more expensive. The need to adjudicate multiple fee claims in the course of a single case could create conflicts between lawyers and their clients, and it could take time away from the court's main objective; that is, to resolve the controversy presented by the case. We are mindful of these potential problems, but even the most restrained application of the statute leads us to the decision we have made here. Bridgestone's argument could not be sustained under any view of the law.
For these reasons we affirm the denial of the motion to dismiss and grant the appellee's motion for appellate attorney's fees under rule 9.400(b). On remand, the trial court shall determine the proper amount of the fees for handling this appeal and shall then apportion the fees between Bridgestone and its attorneys according to the procedure set out in section 57.105(1), Florida Statutes (1999). Once that has been done, the appellees shall have the right to an immediate judgment for the fees.
Affirmed.
ERVIN and WOLF, JJ., CONCUR.
NOTES
[1] Section 57.105, Florida Statutes (1999), might also apply in its own right to an appeal, at least to an interlocutory appeal of a pretrial order. The statute now authorizes the court to assess fees for a claim or defense that is known to be unsupportable "at any time before trial." An appeal from a pretrial order necessarily takes place before trial. Moreover, the phrase "civil action" in the previous version of the statute was broadened to "any civil proceeding or action" in the current statute. While an appeal in a civil case could not be defined as an "action," it certainly falls within the broader definition of a civil proceeding.
[2] The decision in Visoly also stands for the proposition that an appellate court has authority under rule 9.410 of the Florida Rules of Appellate Procedure to assess appellate fees against a party as sanction for making a frivolous argument. 768 So.2d at 490. We need not address that issue here, as the motion for appellate attorney's fees is based on the statute.