832 So.2d 219 (2002)
Carol READ and Philip Michael Cullen, III, Appellants,
v.
Kerry TAYLOR, CBB Consultants, Inc., d/b/a Re/Max Consultants Realty, Geoffrey Sproul, Carol Sproul and Kevin Dow, Appellees.
No. 4D02-799.
District Court of Appeal of Florida, Fourth District.
December 4, 2002.
Philip Michael Cullen, III, of Philip Michael Cullen, III, Chartered, Fort Lauderdale, for appellants.
Stuart L. Cohen and Scott M. Sarason of Rumberger, Kirk & Caldwell, P.A., Miami, for appellees Kerry Taylor and CBB Consultants, Inc., d/b/a Re/Max Consultants Realty.
SHAHOOD, J.
The seminal issue presented in this case is whether the trial court erred in awarding appellees attorney's fees pursuant to *220 section 57.105, Florida Statutes (2000). We hold, based on the record before us, that appellants' claims were not so completely lacking in factual or legal basis so as to justify an award of attorney's fees pursuant to section 57.105. We accordingly reverse with directions to the trial court to enter judgment in favor of appellants.
Appellant, Carol Read, and her husband, Kevin Dow, filed a complaint alleging breach of contract and negligence against appellees, Kerry Taylor, CBB Consultants, Inc. d/b/a REMAX Consultants Realty (collectively "REMAX"), and against Geoffrey Sproul and Carol Sproul for intentional inference with prospective economic advantage, breach of a lease agreement, and trespass.[1] Appellants alleged that Read contacted REMAX regarding the purchase of a parcel of real property listed with REMAX. Read was given a Notice of Nonrepresentation, which she signed and which stated as follows:
You are hereby notified that REMAX CONSULTANTS REALTY and I [Taylor] do not represent you in any capacity. You should not assume that any real estate broker or salesperson represents you unless you agree to engage a real estate licensee in an authorized brokerage relationship, either as a single agent or as a transaction broker. You are advised not to disclose any information you want to be held in confidence until you make a decision on representation.
In addition, Read signed a Brokerage Relationship Disclosure notifying Read that Taylor, as a transaction broker, provides only a limited form of representation. The disclosure provided limited confidentiality, including preventing the disclosure of "any other information requested by a party to remain confidential."
Read alleged that REMAX offered to represent her as a transaction broker pursuant to which she executed a deposit receipt agreement to purchase the property, which agreement was accepted by REMAX. Read alleged that Taylor, without her permission, disclosed her interest in the property to the Sprouls, causing them to send her a letter demanding to be assigned a one-half interest in the property and threatening to file legal proceedings to prevent her from buying the property.
As to their negligence claim, appellants alleged that REMAX breached their duty to use reasonable care to preserve Read's confidences by disclosing information concerning her business dealings to third parties, the Sprouls. This breach effectively prevented Read from purchasing the property.
In a motion to dismiss for failure to state a cause of action, REMAX claimed that the breach of contract claim must fail because the Notice of Nonrepresentation and Brokerage Relationship Disclosure did not create any legal obligations creating a contract and that no consideration was given binding the parties. As to the negligence count, REMAX argued that appellants failed to demonstrate any legal duty on the part of REMAX or causation. The trial court denied dismissal as to count I, breach of contract, but granted dismissal with leave to amend as to count II, negligence.
In their amended complaint, count I remained intact; however, as to count II, negligence, appellants alleged that the Notice of Nonrepresentation and Brokerage Relationship Disclosure authorized REMAX to act as her broker on her behalf and that REMAX owed her a duty of *221 loyalty and confidentiality as her agent. The Brokerage Relationship Disclosure obligated REMAX not to disclose any information requested by a party to remain confidential; Read instructed Taylor not to discuss her dealings with anyone. Read alleged that by REMAX entering into a relationship of confidentiality with Read, REMAX undertook a duty to use reasonable care to preserve her confidences, and that it breached that duty of due care by disclosing information regarding her business dealings with the Sprouls. Appellants alleged that as a direct, proximate and reasonably foreseeable result of REMAX's breach of its obligation to use due care, they had been damaged.
Again, REMAX moved to dismiss appellant's amended complaint. This time the court dismissed the complaint as to both counts, with leave to amend.
Thereafter, appellants filed a second amended complaint, which essentially contained identical claims to those previously dismissed. As to the contract claim, appellants added that Taylor orally offered to assist Read in acquiring the property by representing her as a transaction broker. As to the negligence claim, appellants added that Taylor orally offered to assist her in acquiring the property by representing her as a transaction broker in consideration of Read agreeing to waive certain obligations of loyalty and confidentiality. Read claimed that but for REMAX's agreement to abide by the terms and conditions of the Brokerage Relationship Disclosure, she would not have entered into the listing agreement or disclosed any confidential information.
REMAX moved to dismiss the second amended complaint against them with prejudice. REMAX alleged that appellees failed to allege or demonstrate that REMAX entered into a contract with Read. Thus, REMAX argues that her claim was barred by the statute of frauds, that there was no valid consideration necessary to support a binding contract, and that she failed to state a cause of action. Again, with regard to the negligence claim, REMAX argued that appellants failed to state a cause of action by failing to demonstrate any legal duty on the part of REMAX or allege causation sufficient enough to rise to the level of negligence.
The trial court dismissed both counts with prejudice for failure to state a cause of action. No appeal was taken following such dismissal.
Thereafter, REMAX moved for attorney's fees and costs pursuant to section 57.105, Florida Statutes (2000). The trial court awarded REMAX its attorney's fees pursuant to section 57.105, from the date of the first amended motion to dismiss. On appeal, appellants argue that the trial court's award of fees pursuant to section 57.105 was erroneous because their claims could not be considered frivolous.
The trial court granted REMAX's motion for fees pursuant to the revised section 57.105, enacted in 1999. The revised statute provides:
(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
*222 (b) Would not be supported by the application of then-existing law to those material facts.
(2) Paragraph (1)(b) does not apply if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.
As explained by this Court in Forum v. Boca Burger, Inc., 788 So.2d 1055, 1060 (Fla. 4th DCA 2001), review granted, 817 So.2d 844 (Fla.2002), the 1999 revision changed the standards governing fee awards under section 57.105. Unlike the prior version, the current version of the statute does not apply only to an entire action, but now applies to any claim or defense. Moreover, an award of fees is not limited to situations in which there is a complete absence of justiciable issue of law or fact. Instead, under the revised standard, fees shall be awarded if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of then-existing law. See id.
Although the revised statute expanded the number of circumstances in which fees should be awarded, courts have made clear that an award of fees may not be appropriate under section 57.105, even though the party seeking fees was successful in obtaining the dismissal of the action. See Mason v. Highlands County Bd. of County Comm'rs, 817 So.2d 922, 923 (Fla. 2d DCA 2002)("Failing to state a cause of action is not in and of itself a sufficient basis to support a finding that a claim was so lacking in merit as to justify an award of fees pursuant to section 57.105."); Pappalardo v. Richfield Hospitality Servs., Inc., 790 So.2d 1226, 1228 (Fla. 4th DCA 2001)(whether fees should have been awarded in this case depends upon whether the underlying cause of action, which was dismissed by the trial court, was so clearly and obviously lacking as to be untenable). The revised statute, while broader than its predecessors, still is intended to address the issue of frivolous pleadings. As this Court explained in Vasquez v. Provincial South, Inc., 795 So.2d 216, 218 (Fla. 4th DCA 2001):
"The purpose of section 57.105 is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities." Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla.1982). Florida favors access to courts and has interpreted section 57.105 to provide a remedy only where the plaintiff's complaint is completely untenable. An award of attorney's fees is not appropriate as long as the complaint alleges some justiciable issue. Boyce v. Cluett, 672 So.2d 858, 861 (Fla. 4th DCA 1996). "[A] party's good faith efforts to change existing law does not render an action frivolous." Carnival Leisure Indus., Ltd., v. Holzman, 660 So.2d 410, 412 (Fla. 4th DCA 1995). Where a party asserts a good faith attempt to change an existing rule of law, that party is not subject to attorney's fees under section 57.105. See Jones v. Charles, 518 So.2d 445 (Fla. 4th DCA 1988).
See also Weatherby Assocs., Inc. v. Ballack, 783 So.2d 1138, 1142 (Fla. 4th DCA 2001)("[T]here are two prongs to the analysis under section 57.105.... First, the court must determine whether the suit was frivolous when initially filed. If it was not, then the court must determine whether the suit became frivolous after the suit was filed.").
*223 In their Second Amended Complaint, appellants asserted against REMAX causes of action for breach of contract and negligence. As the basis for their breach of contract claim, appellants alleged that REMAX was engaged as a transaction broker in appellants' intended purchase of certain real property. Appellants argued that as transaction broker, REMAX had certain duties, including a duty not to disclose any information when appellants had instructed that such information was to remain confidential. Appellants argued that REMAX breached this obligation by disclosing the information to the Sprouls.
A transaction broker is a "broker who provides limited representation to a buyer, a seller or both, in a real estate transaction, but does not represent either in a fiduciary capacity or as a single agent." § 475.01(1)(m), Fla. Stat. (1997).
The Brokerage Relationship Disclosure provides:
As transaction broker Kerry Taylor/REMAX Consultants and its associates, provides to you a limited form of representation that includes the following duties:

1. Dealing honestly and fairly;
2. Accounting for all funds;
3. Using skill, care, and diligence in the transaction;
4. Disclosing all known facts that materially affect the value of the property and are not readily observable to the buyer;
5. Presenting all offers and counteroffers in a timely manner, unless a party has previously directed the licensee otherwise in writing;
6. Limited confidentiality unless waived in writing by a party. This limited confidentiality will prevent disclosure that the seller will accept a price less than the asking or listed price, that the buyer will pay a price greater than the price submitted in a written offer, of the motivation of any party for selling or buying property, that a seller or buyer will agree to financing terms other than those offered, or of any other information requested by a party to remain confidential.
7. Any additional duties that are entered into by this or by separate written agreement.
(emphasis added). See also § 475.278(2)(a), Fla. Stat. (1997).
As provided in the Disclosure, by virtue of the parties' agreement to the transaction broker relationship, REMAX did, in fact, owe certain obligations in connection with the real estate transaction to appellants for which REMAX, as a transaction broker, would receive a fee. While not a traditional form of contract, REMAX's obligations under the Brokerage Relationship Disclosure were not merely gratuitous. Inasmuch as REMAX agreed to perform certain services and obligations to Read for which it would be entitled to a commission, it logically follows that Read was entitled to expect REMAX to perform its obligations, and, if necessary, to enforce its rights under the Disclosure Agreement in an action for breach of contract.
Similarly, appellants may have had a valid claim for negligence. REMAX's duties to Read as transaction broker not only exist by virtue of the written Disclosure, but are codified in section 475.278, Florida Statutes (1997), which provides for the limited duty of confidentiality. By virtue of REMAX's position as transaction broker, it owed a statutory duty of care to Read. Read alleged that this duty of care was breached and that, as a result, appellants were damaged.
While the propriety of the trial court's dismissal of these claims is not before us, *224 it appears from the record before us that these claims were not so completely lacking in merit as to warrant an award of fees under section 57.105. Accordingly, the trial court's award of fees is reversed.
REVERSED.
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] The Sprouls and Kevin Dow are listed as appellees in the style of this case but are not parties to this appeal.