SHAHOOD, J.
Appellant’s, Peter Barna, marriage was dissolved by final judgment entered on January 31, 2001. Pursuant to the final judgment, appellant was to pay child support and permanent alimony. Thereafter, he filed a “Motion for a Declaratory Judgment, Temporary Injunctive Relief, Permanent Injunctive Relief, Recusal and Certiorari Because the Postdissolution Permanent Spousal Support Provisions of Florida Statutes Chapter 61 Violate the Florida Constitution.” Following a hearing, the court entered an order denying appellant’s motion and reserving jurisdiction to hear the former wife’s pending motion for attorney’s fees and costs. The court later granted the former wife’s motion for fees. That order is the subject of this appeal.
Appellant raises several issues on appeal. We affirm on all issues and write only to address the court’s award of fees pursuant to section 57.105, Florida Statutes.
In the context of dissolution proceedings, appellant asserted his constitutional challenge to the alimony statutes. While appellant represented to the court that his actions did not require the former wife’s participation, the trial court found otherwise. In addition, the trial court found that appellant’s counsel’s attack on the alimony statutes was irrelevant, frivolous, and brought only to advance the cause of an unrelated client, the Alliance for Freedom from Alimony, Inc. As a result, the court awarded fees to the former wife for pursuing frivolous litigation brought without regard for the cost burden to the former wife.
Under section 57.105, Florida Statutes, the court may award fees to the prevailing party if at the time a claim or defense is presented to the court, the losing party knows or should know that it “[w]as not supported by the material facts necessary to establish the claim or defense” or “[wjould not be supported by the application of then-existing law to those material facts.” § 57.105(l)(a),(b), Fla. Stat. (2002); see also Read v. Taylor, 832 So.2d 219 (Fla. 4th DCA 2002). Based on the facts in this case, the trial court properly awarded fees pursuant to section 57.105, Florida Statutes. See, e.g., Morrone v. State Farm Fire and Cas. Ins. Co., 664 So.2d 972 (Fla. 4th DCA 1995)(sua sponte awarding appellate fees pursuant to section 57.105, Florida Statutes); see also Smyth v. Smyth, 417 So.2d 821 (Fla. 4th DCA 1982)(sua sponte awarding appellate fees pursuant to section 57.105, Florida Statutes).
AFFIRMED.
KLEIN and GROSS, JJ., concur.