865 So.2d 520 (2003)
WENDY'S OF N.E. FLORIDA, INC., d/b/a Wendy's Old Fashion Hamburgers, Appellant,
v.
Carl Wayne VANDERGRIFF and Charono Vandergriff, Appellees.
No. 1D02-2284.
District Court of Appeal of Florida, First District.
November 19, 2003.
Rehearing Denied February 19, 2004.
*521 Tracy Raffles Gunn and Cecil L. Davis, Jr., of Fowler White Boggs Banker, P.A., Tampa, for Appellant.
Charles M-P George, Coral Gables, for Appellees.
BROWNING, J.
Wendy's of N.E. Florida ("Wendy's") raises three issues in its appeal of a final order granting attorney's fees and costs to Essex Insurance Company ("Essex"). Wendy's contends that the trial court reversibly erred because: 1) Essex's motion for attorney's fees and costs was untimely; 2) the trial court erroneously applied Colony Insurance Company v. G & E Tires and Service, Inc., 777 So.2d 1034 (Fla. 1st DCA 2000), to this case; and 3) disputed issues of material fact precluded attorney's fees under section 57.105, Florida Statutes (2001). We affirm without comment the *522 trial court's ruling that Essex's motion was timely, but we reverse on the remaining grounds and remand for entry of judgment for Appellant on Appellees' claim for attorney's fees and costs.
In April 2000, the Vandergriffs sued both Wendy's and its franchisee, the WIT Group, for a slip-and-fall that occurred at a Wendy's restaurant in March 1999. In May 2000, Essex, which insured WIT under a Commercial General Liability Insurance Policy, notified Wendy's of its intent to defend Wendy's under a reservation of the right to withdraw its defense absent a duty to defend. In June 2001, Essex filed a complaint for declaratory relief in which it alleged that its insurance policy with WIT did not cover Wendy's, and that Essex would not defend Wendy's for the allegations in the Vandergriff complaint.
Wendy's filed an answer to the motion for declaratory relief alleging that it was named as an additional insured under WIT's insurance policy, as required by its franchise agreement with WIT. Thereafter, both Essex and Wendy's moved for summary judgment. The trial court granted Essex's motion for final summary judgment "due to the undisputed fact that Wendy's ... was never named as an additional insured under the Essex Insurance Company policy issued to The Wit Group, Inc."
After entry of final judgment in the declaratory judgment action, Essex filed a motion for attorney's fees and costs for both its defense of Wendy's in the Vandergriff claim and its successful prosecution of the declaratory judgment action. The trial court entered a final judgment granting Essex's motion for attorney's fees and costs for Wendy's defense, relying on Colony Insurance, and for the prosecution of the declaratory judgment action under section 57.105, Florida Statutes.

Fees and Costs under Colony Insurance
As a general rule, a liability insurer has a duty to defend its insured against claims; this duty is distinct from, and broader than, its duty to indemnify its insured. Colony Ins., 777 So.2d at 1036. Once the insurer's duty to defend arises, it continues throughout the case unless it becomes apparent by the pleadings that a claim is not covered under the policy, at which point the insurer is released from its duty to defend. Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810, 815 (Fla. 1st DCA 1985). Generally, an insurer is not entitled to attorney's fees in such cases, but an exception exists under the facts and circumstances of Colony Insurance.
Under Colony Insurance, an insurer is entitled to reimbursement for all costs and fees incurred in defending the underlying suit if the defense was initially provided under an expressed reservation of rights providing for attorney's fees and costs if the insurer prevailed, and if the insured accepts such defense. 777 So.2d at 1038. Because Appellees expressed no such reservation of rights to attorney's fees and costs to Appellant when undertaking its defense, Colony Insurance is inapplicable, and the trial court erred by relying on Colony Insurance. Essex's unilateral attempt to assert such right some 16 months after accepting Wendy's defense has no legal effect, as Wendy's never agreed to Essex's untimely assertion.

Fees Under Section 57.105, Florida Statutes
Section 57.105, Florida Statutes, permits the trial court to award fees and costs on any claim or defense at any time during a civil proceeding or action when the trial court finds:
(1) ... that the losing party or the losing party's attorney knew or should *523 have known that a claim or defense when initially presented to the court or at any time before trial: (a) Was not supported by the material facts necessary to establish the claim or defense; or (b) Would not be supported by the application of then-existing law to those material facts.
...
(3) At any time in a civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, but not limited to, the filing of any pleading or part thereof, the assertion of or any response to any discovery demand, the assertion of any claim or defense, or the response to any request by any other party, was taken primarily for the purpose of unreasonable delay, the court shall award damages to the moving party for its reasonable expenses incurred in obtaining the order, which may include attorney's fees, and other loss resulting from the improper delay.
§ 57.105(1) & (3), Fla. Stat. (2001). As this Court noted in Bridgestone/Firestone, Inc. v. Herron, 828 So.2d 414, 417 (Fla. 1st DCA 2002), this statute was amended in 1999 as part of the 1999 Tort Reform Act in an effort to reduce frivolous litigation and thereby to decrease the cost imposed on the civil justice system by broadening the remedies that were previously available. See Ch. 99-225, § 4, Laws of Fla. Unlike its predecessor, the 1999 version of the statute no longer requires a party to show a complete absence of a justiciable issue of fact or law, but instead allows recovery of fees for any claims or defenses that are unsupported. Bridgestone, 828 So.2d at 418; Read v. Taylor, 832 So.2d 219, 221 (Fla. 4th DCA 2002); Forum v. Boca Burger, Inc., 788 So.2d 1055, 1061 (Fla. 4th DCA 2001), review granted, 817 So.2d 844 (Fla.2002). However, this Court cautioned that section 57.105 must be applied carefully to ensure that it serves the purpose for which it was intended, which was to deter frivolous pleadings. Bridgestone, 828 So.2d at 419; see also Mullins v. Kennelly, 847 So.2d 1151, 1154 (Fla. 5th DCA 2003) (noting that the central purpose of section 57.105 is, and always has been, to deter meritless filings as to streamline the administration and procedure of the courts) (citing Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla.1982), overruled in part on other grounds, Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985)).
In determining whether a party is entitled to statutory attorney's fees under section 57.105, Florida Statutes, frivolousness is determined when the claim or defense was initially filed; if the claim or defense is not initially frivolous, the court must then determine whether the claim or defense became frivolous after the suit was filed. Weatherby Assocs., Inc. v. Ballack, 783 So.2d 1138, 1142 (Fla. 4th DCA 2001). In so doing, the court determines if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law. Read, 832 So.2d at 221; Boca Burger, 788 So.2d at 1061. An award of fees is not always appropriate under section 57.105, even when the party seeking fees was successful in obtaining the dismissal of the action or summary judgment in an action. See Mullins, 847 So.2d at 1154 (citing Read, 832 So.2d at 222). In Mullins, the court noted that consistently and fairly applying the statute is problematic:
"In the legal world, claims span the entire continuum from overwhelmingly strong to outrageously weak. Somewhere between these two points, courts draw a line to separate the nonfrivolous *524 from the frivolous, the former category providing safe shelter, the latter subjecting attorney and client to sanctions." Eastway Constr. Corp. v. City of New York, 637 F.Supp. 558, 574 (E.D.N.Y. 1986). As Judge Gersten observed in commenting on the earlier version of section 57.105:
We recognize that to some extent, the definition of "frivolous" is incapable of precise determination. Nevertheless, a review of Florida case law reveals that there are established guidelines for determining when an action is frivolous. These include where a case is found: (a) to be completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (b) to be contracted by overwhelming evidence; (c) as having been undertaken primarily to delay or prolong the resolution of the litigation, or to harass or to maliciously injure another; or (c) [sic] as asserting material factual statements that are false.
Visoly v. Sec. Pacific Credit Corp., 768 So.2d 482, 491 (Fla. 3d DCA 2000) (footnotes omitted).
While the revised statute incorporates the "not supported by the material facts or would not be supported by application of then-existing law to those material facts" standard instead of the "frivolous" standard of the earlier statute, an all encompassing definition of the new standard defies us. It is clear that the bar for the imposition of sanctions has been lowered, but just how far it has been lowered is an open question requiring a case by case analysis....
Mullins, 847 So.2d at 1155 n. 4.
Here, the trial court abused its discretion in awarding fees under section 57.105, Florida Statutes, because Wendy's position was not wholly unsupported by the facts at any time before the final summary judgment. At the time Essex filed its complaint for declaratory relief, a justiciable controversy existed as to whether Wendy's was insured by Essex. Essex was defending the claim against Wendy's under the assumption that it had a duty to defend. In light of this assumption, Essex's allegation that Wendy's was not insured created a justiciable issue sufficient to allow a declaratory action to go forth. See generally State v. Florida Consumer Action Network, 830 So.2d 148, 151 (Fla. 1st DCA 2002) (explaining that a declaratory action may be brought where, among other requirements, there is a controversy as to a state of facts and some privilege of the complaining party is dependent upon the facts), review denied, 852 So.2d 861 (Fla.2003). Although Essex attached to its complaint for declaratory judgment a copy of its insurance policy with WIT Group, there continued to be a dispute of facts as to whether Wendy's was covered under the policy. The WIT Group indicated in discovery that it had a contractual obligation to insure Wendy's as an additional insured under their franchise agreement, that it had requested its agent to insure Wendy's, that it believed Wendy's was an additional insured, and that the certificate of insurance named Wendy's as an additional insured.
Wendy's loss in the declaratory judgment action by summary judgment does not necessarily imply that Wendy's argument was frivolous. See State, Dep't of Transp. v. Kisinger Campo & Assocs., 661 So.2d 58 (Fla. 2d DCA 1995). From the record before us, which does not include the transcript of the hearing on attorney's fees, it does not appear that Wendy's defense was so completely lacking in merit as to support the trial court's finding that Wendy's position was frivolous. Thus, we *525 cannot agree that the award of fees under section 57.105 was justified.
For the reasons stated, we REVERSE the final judgment granting Essex's motion for attorney's fees and costs and REMAND the case for entry of judgment for Appellant on such motion.
WOLF, C.J., and HAWKES, J., concur.