PER CURIAM.
On remand from O’Grady v. Potash, 824 So.2d 904 (Fla. 3d DCA 2002), rev. denied, 842 So.2d 845 (Fla.2003), the trial court found third party defendant, Monette Klein O’Grady, entitled to an award of attorney’s fees and costs in her favor under Section 57.105(1), Florida Statutes (1999). Without an evidentiary hearing to determine its applicability, however, the trial court went on to exclude counsel for third party plaintiff, Irwin Potash, from liability for such fees and costs under the “good faith” exception. § 57.105(1), Fla. Stat. (1999)(“However, the losing party’s attorney is not personally responsible if he or she acted in good faith, based on the representations of his or her client_”). We reverse that portion of the order excluding counsel for Potash from liability, and remand for an evidentiary hearing where counsel for Potash may present evidence, if any, that he acted in good faith based on the representations of his client.
Reversed and remanded.