KEYSER, JANIS BRUSTARES, Associate Judge.
This is an appeal in a guardianship proceeding from the trial court’s order denying appellant’s motion for attorney’s fees pursuant to section 57.105, Florida Statutes, against appellee Karlene Osorio-Khor (“Khor”). Appellant, Linda St. Peter (“the guardian”), ' challenges the trial court’s ruling on both a legal and factual basis. We affirm in all respects, addressing only the arguments based on the facts of the case.

Factual Background

On August 25, 2008, the guardian petitioned for appointment of an' emergency temporary guardian for her eighty-six-year-old aunt, Nidia Savage (“the ward”). The guardian, named herself as the proposed temporary guardian as the ward’s niece and daughter of the ward’s brother, who consented to the appointment. The petition asserted the ward had “decreased cognitive abilities due to onsets óf Dementia and impairment of the ability to care for her own activities of daily living.” (emphasis omitted).
Subsequent to the appointment of the guardian as the emergency temporary guardian, she was appointed as plenary guardian of the person and property of the ward. The trial court also authorized the transfer of all of the ward’s liquid assets into the ward’s living trust, of which the guardian was appointed as successor trustee. Thereafter, the trial court entered an order amending the plenary guardianship as to one of the person only, since all of the property had been moved into the trust.
In 2014, over five years after the guardianship’s establishment, Khor, the guardian’s sister, petitioned to remove the guardian, alleging the guardian had become the temporary guardian of her father, the ward’s brother, and was the sole trustee of the father’s trust, as well as one of the beneficiaries, along with Khor. She further alleged that the guardian was involved in “an elaborate and convoluted plan” to use the ward’s trust and the father’s trust to her benefit. The father is the beneficiary of the Ward’s trust and, therefore, it was alleged that the contents of the ward’s trust would eventually be merged into the father’s trust, of which both sisters are beneficiaries.
Khor argued that Florida Statutes do not allow guardians to be beneficiaries and, therefore, the guardian was breaching her fiduciary duty and had a conflict of interest. Khor alleged that she was an “interested person,” since “she is one of the beneficiaries of the [father’s trust] and is the niece of the Ward.” Khor demanded that the guardian be removed, á new guardian be appointed, and a court monitor be appointed to investigate the guardian’s activities.
The guardian subsequently moved to dismiss the removal petition on several grounds, including Khor’s lack of standing as an “interested person” to challenge the guardian’s role. Although the trial court provided a portion of the relief sought by Khor, including the appointment of a court monitor to review the accounting records, it dismissed the removal petition, stating that Khor “lacks standing to bring the action as she ■ is not an interested person and is not reasonably expected to be affected by the outcome of this proceeding.”
The guardian filed a motion to tax attorney’s fees pursuant to section 57.105 based on the trial court’s determination that Khor lacked standing. Khor argued that she had standing as an interested person, *943 and that the trial court provided some of the relief sought in the removal petition by appointing a monitor and requiring the monitor to review accountings of the ward’s trust.
In concluding that sanctions pursuant to section 57.105 were inappropriate, the trial court stated:
All right. The position of the Court is as follows: I cannot — I’m not going to deviate from my position that in fact that their client was not an interested person and did not have standing. I cannot deviate from that.' That was my ruling. I’ll stand by that.
However, with respect to whether this is a case that’s ripe and appropriate for 57.105 sanctions, I’m not going to grant in this particular case....
[[Image here]]
That [Khor] was a sister of your client, who was designated by their same father to be his preference to the guardian of the ward in this particular case; that they had, you know, even though they did not have standing as an interested person, they had a right to appear before this Court and bring this Court’s attention certain issues that the Court should, would otherwise not be aware of, otherwise not be aware of to, for the Court to consider as to whether or not to remove, to remove [the guardian] as the guardian in this particular case.
I agree with you, [the guardian’s attorney]. I think that there is a problem here that the legislature has overlooked by the way that the statute is written as it stands right now. And, again, I would note for the record that ... Khor is not an interloper. She is a person of the same status on the family hierarchy as [the guardian’s attorney]’s client, [the guardian], so I can’t say that this was filed in total bad faith.
I realize and I understand that you complied with the 57.105 statute by giving them 21 days notice of the fact that your intention to a 57.105 sanction is that you believed. it - was filed in bad faith; but I just don’t see the bad faith nature.of the filing in this particular case. I can’t say that they did this for any purpose other than the legitimate purpose to bring to the Court’s attention that this person may not be qualified to serve as a guardian. I can’t see that that is in bad faith. That’s the position of the Court.
At the conclusion of the hearing, the trial court entered an order denying the motion for attorney’s fees pursuant to section 57.105.
“Generally speaking, our standard of review of an order denying a motion for attorney’s fees and costs under section 57.105(1) is abuse of discretion.” Country Place Cmty. Ass’n, Inc. v. J.P. Morgan Mortg. Acquisition Corp., 51 So.3d 1176, 1179 (Fla. 2d DCA 2010).
Section 57.105, Florida Statutes (2014), provides, in pertinent part:
(1) Upon the court’s initiative or -motion of any party, the court shall award a reasonable attorney’s fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application . of. then-existing law to those material facts.
*944 [[Image here]]
(3) Notwithstanding subsections (1) and (2), monetary sanctions may not be awarded:
(a) Under paragraph (l)(b) if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.
(b) Under paragraph (l)(a) or paragraph (l)(b) against the losing party’s attorney if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts.
In Wendy’s of N.E. Florida, Inc. v. Vandergriff, 865 So.2d 520 (Fla. 1st DCA 2003), the court discussed section 57.105, which was amended in 1999:
[T]his statute was amended in 1999 as part of the 1999 Tort Reform Act in an effort to reduce frivolous litigation and thereby to decrease the cost imposed on the civil justice system by broadening the remedies that were previously available. Unlike its predecessor, the 1999 version of the statute no longer requires a party to show a complete absence of a justiciable issue of fact or law, but instead allows recovery of fees for any claims or defenses that are unsupported. However, this Court cautioned that section 57.105 must be applied carefully to ensure that it serves the purpose for which it was intended, • which was to deter frivolous pleadings.
Id. at 523 (citations omitted). The First District further explained:
We recognize that to some extent, the definition of “frivolous” is incapable of precise determination. Nevertheless, a review of Florida case law reveals that there are established guidelines for determining when an action is frivolous. These include where a case is found: (a) to be completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (b) to be contracted by overwhelming evidence; (c) as having been undertaken primarily to delay or prolong the resolution of the litigation, or to harass or to maliciously injure another; or (c) [sic] as asserting material factual statements that are false.
Id. at 524 (quoting Visoly v. Sec. Pacific Credit Corp., 768 So.2d 482, 491 (Fla. 3d DCA 2000)).
We have also held that “[t]he [trial] court determines if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law.” Asinmaz v. Semrau, 42 So.3d 955, 957 (Fla. 4th DCA 2010) (second alteration in original) (quoting Wendy’s, 865 So.2d at 523).
We cannot conclude under the facts of this case that the removal petition was a “frivolous” filing, for which section 57.105 is designed to deter.
The Florida Probate Code dictates the procedure for removing a guardian:
Proceedings for removal of a guardian may be instituted by a court, by any surety or other interested person, or by the ward, and formal notice of the petition for removal of a guardian must be served on all guardians, other interested persons, next of kin, and the ward.
Fla. Prob. R. 5.660(a) (emphasis added). Section 731.201(23), Florida Statutes (2014), defines an “interested person” as “any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved.” The statute further provides that “[t]he meaning, *945 as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.” Id.
In Rudolph v. Rosecan, 154 So.3d 381 (Fla. 4th DCA 2014), this Court recognized that the application of the definition of the term “interested person” varies with the facts of the case. Id. at 384. Referring to the Florida Supreme Court decision in Hayes v. Guardianship of Thompson, 952 So.2d 498, 508 (Fla.2006), we explained that “there is no bright-line rule. A person’s status as an ‘interested person’ with standing in a guardianship proceeding is dependent upon whether the person would be affected by the outcome of the proceedings.” Id. at 385.
Here, Khor, the niece of the ward, alleged that the guardian should be removed because she moved all of the ward’s assets into the ward’s- trust, which would be merged into the father’s trust if the ward predeceased the father, for which both the guardian and Khor were beneficiaries. Accordingly, although the trial court rejected this argument, Khor had a valid basis to argue she would be reasonably expected to be affected by the guardian’s continued control over the ward where the ward’s financial status can be traced in a way that would particularly affect Khor’s future financial gains from the father’s trust.
We therefore affirm the trial court’s ruling denying the motion for attorney’s fees under section 57.105, Florida Statutes (2014), based on our conclusion that Khor’s removal petition was not “frivolous” such that it was “completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law.” Wendy’s, 865 So.2d at 524 (quoting Visoly, 768 So.2d at 491); see also § 57.105(3)(a), Fla. Stat. (providing that monetary sanctions may not be awarded where “the claim ... was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing ,law or the establishment of. new law, as it applied to the material facts, with a reasonable expectation of success”).

Affirmed.

TAYLOR and MAY, JJ., concur.