[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-11762
Non-Argument Calendar
_____

D.C. Docket Nos. 8:19-cv-81476-KAM; 15-bk-29068-EPK

In re:  WILLIAM B. MILLS,

                                                                Debtor.

_____

WILLIAM B. MILLS,
MARY JANE MILLS,

                                                        Plaintiffs - Appellants,

versus

VERO BEACH COUNTRY CLUB, INC.,

                                                        Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____
(October 14, 2020)

Before JORDAN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Defendants William and Mary Jane Mills appeal the district court's order affirming the bankruptcy court's denial of Defendants' motion for a determination of entitlement to attorney's fees under Fla. Stat. § 57.105(1).  No reversible error has been shown; we affirm.[1]

Background:

This appeal arises from a Chapter 7 bankruptcy proceeding filed by William Mills.  As part of the bankruptcy proceedings, the bankruptcy court placed Mills's solely-owned company -- Real Estate & Management Group, LLC ("REMG") -- into receivership.  A court-appointed receiver filed an adversary complaint against Vero Beach Country Club ("VBCC") to recover membership dues paid by REMG on behalf of Defendants (Adversary Case No. 18-01215).  The Receiver's claims were brought pursuant to the Florida Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.105(1)(b) and 726.106(1).

---

[1] VBCC's "Motion for Award of Damages and Costs for Frivolous Appeal," pursuant to Fed. R. App. P 38, is DENIED.  Although we rule against Defendants in this appeal, Defendants' arguments are not so "utterly devoid of merit" as to warrant Rule 38 sanctions.  For background, see Parker v. Am. Traffic Solutions, Inc., 835 F.3d 1363 (11th Cir. 2016); Bonfiglio v. Nugent, 986 F.2d 1391 (11th Cir. 1993).

VBCC answered the Receiver's complaint and also brought a third-party complaint against Defendants, asserting claims for contractual indemnification ("Count I") and for common law indemnification under Florida law ("Count II"). In response, Defendants asserted a counterclaim against VBCC for wrongful suspension of Defendants' membership privileges.

The Receiver and VBCC later agreed to settle the case for $25,000. The bankruptcy court approved the settlement. The bankruptcy court also retained jurisdiction over VBCC's third-party claims and over Defendants' counterclaim.

On 7 August 2019, the bankruptcy court denied VBCC's motion for summary judgment on Count II. The bankruptcy court explained that no Florida court had "applied common law indemnity to a fraudulent transfer claim brought under the Florida Uniform Fraudulent Transfer Act." The bankruptcy court, however, granted VBCC's motion for summary judgment on Defendants' wrongful-suspension counterclaim.

Meanwhile -- about two weeks before the bankruptcy court entered its summary judgment order -- Defendants filed a civil action against VBCC in state court, alleging wrongful suspension of their VBCC membership privileges and seeking money damages and declaratory and injunctive relief. VBCC removed that case to the bankruptcy court on 19 August 2019 (docketed as Adversary Case No. 19-01329).

3

The bankruptcy court then entered -- in both Case No. 18-01215 and in Case No. 19-01329 -- an order to show cause why the court should not abstain from hearing both matters so the claims could be adjudicated in state court.  In response, Defendants asked the bankruptcy court to abstain from considering the remaining claim in Case No. 18-01215 and the claims in Case No. 19-01329.  Defendants also requested that both cases be remanded to state court so Defendants could seek a jury trial.  VBCC also consented to a remand.

The bankruptcy court entered an order (1) abstaining from hearing and remanding Case No. 19-01329 to state court and (2) abstaining from hearing the third-party complaint and counterclaim presented in Case No. 18-01215 and dismissing the case "without prejudice to their pursuit in the State Court Matter."

Defendants moved the bankruptcy court for a determination of their entitlement to attorney's fees in Case No. 18-01215, pursuant to Fla. Stat. § 57.105.[2]  After a hearing, the bankruptcy court denied Defendants' motion.  About Count I, the bankruptcy court said there was no "prevailing party" for purposes of section 57.105 because the bankruptcy court abstained and remanded the matter to state court without addressing the merits.  About Count II, the bankruptcy court ruled that Defendants were unentitled to attorney's fees for two reasons: (1) the

---

[2] Defendants also moved for attorneys' fees under 28 U.S.C. § 1447.  Defendants have raised no challenge to the bankruptcy court's denial of relief under that statute.

4

court's denial of VBCC's motion for summary judgment on Court II was no final judgment ending the litigation and, thus, Defendants were no "prevailing party" on that issue; and (2) VBCC's common law indemnity claim constituted "a good faith attempt to extend existing Florida law to fraudulent transfer matters."

On appeal, the district court affirmed the bankruptcy court's denial of attorney's fees under Fla. Stat. § 57.105. This appeal followed.

Discussion:

"When the district court affirms the bankruptcy court, we review the bankruptcy court's decision, reviewing its factual findings for clear error and its legal conclusions de novo." Roth v. Nationstar Mortg., LLC (In re Roth), 935 F.3d 1270, 1274 (11th Cir. 2019). We review for abuse of discretion the denial of a motion for attorney's fees under Fla. Stat. § 57.105. See Boca Burger, Inc. v. Forum, 912 So. 2d 561, 573 (Fla. 2005).

Section 57.105(1) provides for an award of reasonable attorney's fees to the "prevailing party" under these circumstances:

the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or

5

(b)  Would not be supported by the application of then-existing law to those material facts.

Fla. Stat. § 57.105(1).  Attorney's fees may not be awarded under section 57.105(1)(b), however, "if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success."  Id. § 57.105(3)(a).

"The purpose of section 57.105 is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities."  Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1227 (11th Cir. 2003) (deciding a case under an earlier version of section 57.105); see Wendy's of N.E. Fla., Inc. v. Vandergriff, 865 So.2d 520, 523 (Fla. Dist. Ct. App. 2003) (stating -- after section 57.105 was amended in 1999 -- "the central purpose of section 57.105 is, and always has been, to deter meritless filings").  Relief under section 57.105 "must be applied carefully to ensure that it serves the purpose for which it was intended, which was to deter frivolous pleadings."  Wendy's of N.E. Fla. Inc., 865 So.2d at 523.

That a party "was successful in obtaining the dismissal of the action or summary judgment in an action" is not enough by itself to warrant relief under section 57.105.  See id.  Instead, "to justify an award under section 57.105, the trial

6

court must find the action to be frivolous or so devoid of merit both on the facts and the law as to be completely untenable." Murphy v. WISU Props., Ltd., 895 So.2d 1088, 1093-94 (Fla. Dist. Ct. App. 2004).

The bankruptcy court abused no discretion in declining to award Defendants attorney's fees under section 57.105. First, we accept that the bankruptcy court could, without error, determine that no prevailing party existed on Count I. The bankruptcy court -- triggered by Defendants' filing in state court of a civil action related to Defendants' counterclaim in Case No. 18-01215 -- proposed that the court abstain from considering the claims in both Case Nos. 18-01215 and 19-01329. No party objected, and Defendants requested expressly that both cases be remanded so that Defendants could pursue a jury trial. Under these circumstances -- where the bankruptcy court raised the issue of abstention, no party objected, and no ruling was made on the merits of Count I -- no party prevailed for purposes of an award of attorney's fees.[3] More important, because the bankruptcy court abstained from considering the merits of Count I and dismissed that claim (letting it be pursued in state court), the bankruptcy court necessarily made no frivolity

---

[3] On appeal, Defendants characterize the bankruptcy court's abstention order as an "involuntary dismissal" of VBCC's claims justifying an award of attorney's fees. The cases relied upon by Defendants (none of which deal with section 57.105) are distinguishable from the circumstances of this case. Among other things, this case involves no act by VBCC that led to the bankruptcy court's decision to abstain. Instead, the bankruptcy court's abstention ruling stemmed from Defendants' own conduct: filing a separate civil action in state court and then requesting that the bankruptcy court abstain and remand to the state court.

7

finding for that claim.  Accordingly, no award of attorney's fees is warranted based on Count I.

Nor did the district court abuse its discretion in denying attorney's fees based on Count II.  Although the bankruptcy court determined that common law indemnification is inapplicable to claims made under Florida's Uniform Fraudulent Transfer Act, the bankruptcy court noted the issue was a matter of first impression. In asserting its common law indemnification claim, VBCC relied on language in the bankruptcy court's decision in In re GPC Miami, Inc., 582 B.R. 534 (Bankr. S.D. Fla. 2018).  There, the bankruptcy court discussed the parties' arguments about the existence of a common law indemnity cause of action in the context of a fraudulent transfer claim, but ultimately declined to decide the issue.  582 B.R. at 537-41 (concluding that "even if a claim for common law indemnity can be made in a case arising from a fraudulent transfer claim, there are no grounds to make a claim in this case.").  Given the language in In re GPC Miami, Inc. and the absence of contrary rulings from the Florida courts, the bankruptcy court's finding that VBCC's argument in Count II was made in good faith is not clearly erroneous.[4]

---

[4] We reject Defendants' contention that the bankruptcy court abused its discretion in finding good faith without an evidentiary hearing.  Defendants never requested an evidentiary hearing. Further, the record was sufficient for the bankruptcy court to make a finding about whether VBCC's legal argument was made in good faith.

8

VBCC's argument in Count II thus fell within section 57.105(3)'s "good faith" exception.

The bankruptcy court abused no discretion in denying Defendants' section 57.105 motion for attorney's fees; we affirm the district court's decision.

AFFIRMED.