THREADGILL, Judge.
The City of Largo appeals a final order awarding attorney’s fees to Louis R. and Melinda S. LaGrande on the authority of section 57.105, Florida Statutes (1993). The award was based on the fact that the City should have investigated and discovered a release of liability before filing a third-party complaint against the LaGrandes. We reverse.
Mrs. Louise Greco was injured when she tripped on a crack in a city sidewalk in front of the LaGrandes’ property, on November 11, 1990. On June 20, 1992, in exchange for $5,000, Mrs. Greco and her husband executed *179 a release of all claims against the LaGrandes for injuries resulting from the fall. The Gre-cos sued the City on February 11, 1993. On March 17, 1993, the City filed a third-party complaint for contribution against the La-Grandes. The City alleged that the La-Grandes’ negligence caused Mrs. Greco’s injuries because tree roots growing in their yard caused the cracks in the sidewalk where Mrs. Greco fell.
The LaGrandes alleged the release as an affirmative defense. The City thereafter ascertained during its deposition of Mr. La-Grande that his insurance carrier had paid $5,000, to the Grecos for the accident, although he was not sure that it constituted a release. On August 17, 1993, the trial court entered final summary judgment discharging the LaGrandes from liability. The trial court subsequently granted the LaGrandes’ motion for attorney’s fees under section 57.105, Florida Statutes (1993), finding a total lack of justiciable issue of law or fact in the City’s complaint. The trial court denied the City’s motion for rehearing, stating that “the City of Largo did not conduct an investigation prior to joining Mr. and Mrs. LaGrande as third-party defendants in this action.” Upon the parties’ stipulation to the amount of attorney’s fees, the court entered final judgment awarding the LaGrandes $2,752.70. The City timely appealed.
The purpose of section 57.105, is to discourage baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag on them through attorney’s fees. Whitten v. Progressive Cas. Inc. Co., 410 So.2d 501 (Fla.1982). The statute may not be extended to every ease and every unsuccessful litigant. Id. at 505. The standard for granting summary judgment is not the equivalent of frivolousness. Rojas v. Drake, 569 So.2d 859 (Fla.2d DCA 1990).
We find that extending section 57.105 in this case would have the improper effect of discouraging access to the courts for legitimate disputes. It is clear from the record that the City had a legitimate third-party claim against the LaGrandes and that the City had no notice of the release before filing the third-party complaint. Section 57.105 provides that “[t]he court shall award a reasonable attorney’s fee to be paid to the prevailing party ... in any civil action in which the court finds that there was a complete absence of a justiciable issue of law or fact raised by the complaint or defense of the losing party_” § 57.105, Fla.Stat. (1993). The statute does not require a claimant to investigate and eliminate every possible defense before filing an action. Moreover, the litigation against the LaGrandes ended in less than a year, and given the difference between the amount of the release and the amount of the Grecos’ claim against the City, we cannot say that the good faith of the release as required by section 768.31(5), Florida Statutes (1993), and questioned by the City, was a frivolous issue.
Reversed.
DANAHY, A.C.J., and PARKER, J., concur.