661 So.2d 58 (1995)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
KISINGER CAMPO & ASSOCIATES, CORPORATION, Appellee.
Nos. 94-00508, 94-00795.
District Court of Appeal of Florida, Second District.
May 31, 1995.
*59 Thornton J. Williams, Gen. Counsel, and Gregory G. Costas, Asst. Gen. Counsel, Tallahassee, for appellant.
Betsy L. Benedict of Stanford R. Solomon, P.A., Tampa, for appellee.
PER CURIAM.
The Department of Transportation (Department) appeals the final summary judgment entered in favor of Kisinger Campo and Associates, Corporation (KCA) in the latter's action for breach of contract and declaratory judgment. The action arose out of the Department's withholding of payment under one contract with KCA due to alleged overbilling by KCA under previous contracts between the parties. We find no merit in the Department's arguments with regard to the final summary judgment, but we agree that the award to KCA of attorney's fees pursuant to section 57.105, Florida Statutes (1991), was an abuse of discretion.
The trial court awarded KCA attorney's fees and costs pursuant to section 57.105 upon a finding that the Department failed to raise a justiciable defense to the breach of contract count of KCA's third amended complaint. We disagree. The finding of a lack of a justiciable defense is tantamount to a finding that the defense asserted was frivolous. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla. 1982). Although the Department's defense was ultimately found to be without merit for purposes of summary judgment, that finding was based on the trial court's analysis and interpretation of a contractual provision to not mean what it apparently states. Such an analysis belies a finding that the Department's defense was frivolous. See City of Largo v. LaGrande, 650 So.2d 178, 179 (Fla. 2d DCA 1995) ("The standard for granting summary judgment is not the equivalent of frivolousness.").
Accordingly, we affirm the final summary judgment but reverse the section 57.105 attorney's fee award to KCA.
Affirmed in part; reversed in part.
FRANK, C.J., and THREADGILL and LAZZARA, JJ., concur.