PATTERSON, Acting Chief Judge.
Appellant Mainland Transport, Inc. (Mainland), challenges the trial court’s final order dismissing with prejudice its second amended complaint against appellees William Dietz and Dietz & Company for lack of in person-am jurisdiction over them. We reverse the trial court’s order and remand for an eviden-tiary hearing on the issue of jurisdiction.
Mainland filed its second amended complaint against William Dietz and his Ohio professional service corporation, Dietz & Company (collectively referred to as Dietz), seeking recovery of approximately $26,000 which Mainland alleged Dietz had tortiously converted from Mainland. Dietz filed a motion to dismiss the complaint and claimed lack of in personam jurisdiction and failure to allege a proper jurisdictional basis for service under Florida’s long-arm statute, section 48.193, Florida Statutes (1993). Based on the parties’ affidavits, the trial court concluded that sufficient minimum contacts did not exist between Dietz and the State of Florida to confer in personam jurisdiction over Dietz. The trial court dismissed the second amended complaint with prejudice.
The two-step test for determining whether the court may exercise long-arm jurisdiction over a nonresident defendant is: (1) the complaint must allege sufficient jurisdictional facts to come within the state’s long-arm statute; and (2) sufficient minimum contacts must exist between Florida and the defendant to satisfy the due process requirements of the Fourteenth Amendment. Doe v. Thompson, 620 So.2d 1004, 1005 (Fla. *643 1993); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). On appeal, Dietz concedes that the second amended complaint satisfies the first step by alleging the defendants committed the tort of conversion in Florida. See § 48.193(l)(b), Fla. Stat. (1993). The plaintiff need only “plead the basis for service in the language of the statute without pleading the facts supporting service.” Fla. R. Civ. P. 1.070(h). Dietz contends that Mainland did not meet the second step, the sufficiency of the defendants’ contact with Florida. As required, Dietz filed an affidavit supporting his challenge. See Doe, 620 So.2d at 1005; Venetian Salami, 554 So.2d at 502. Mainland then had the burden to file a counter-affidavit to establish facts supporting the Florida court’s jurisdiction. Id. If the affidavits directly conflict as to relevant facts, then the trial court should hold an evidentiary hearing on the limited issue of jurisdiction. Doe, 620 So.2d at 1005; Venetian Salami, 554 So.2d at 503.
Mainland filed the affidavit of its president, Dale Frank, in opposition to Wil-r liam Dietz’s affidavit. Frank’s affidavit clearly alleges sufficient minimum contacts with Florida. The allegations depict an overall scheme of conversion which included substantial contact with Florida, not just one tortious conversion committed out of state. The parties’ affidavits, however, are in conflict on many relevant points. The trial court must resolve these conflicts. Thus, we reverse the order dismissing the complaint and remand for an evidentiary hearing on the issue of jurisdiction.
Reversed and remanded.
ALTENBERND and FULMER, JJ., concur.