714 So.2d 1128 (1998)
Albert WIDMER, Appellant,
v.
Nate CALDWELLDirector of ACDC, Officer Smith 197, Officer Tony Martin, Mary Paxtonkitchen Staff, Mike McGlockin, Alachua County Detention Center, Appellees.
No. 97-52.
District Court of Appeal of Florida, First District.
July 15, 1998.
Albert Widmer, Pro Se, Raiford, for Appellant.
Robert M. Ott of Alachua County Attorney's Office, Gainesville, for Appellees.
KAHN, Judge.
This action arises out of a suit brought by appellant Widmer against the appellees in their official capacity as officers and staff of the Alachua County Detention Center. The circuit court dismissed the lawsuit because Widmer failed to provide the required statutory presuit notice pursuant to section 768.28(6)(a), Florida Statutes (1995). The order granting appellees' motion to dismiss stated that the complaint is dismissed "without *1129 leave to amend." Widmer took no appeal from that order.
After obtaining the dismissal, appellees moved to tax attorneys' fees pursuant to section 57.105, Florida Statutes (1995). The trial court granted the motion for fees and found a complete absence of a justiciable issue of law or fact based solely on Widmer's failure to provide statutory presuit notice before bringing his suit.
We acknowledge the appellees' frustration with Mr. Widmer, who apparently occupies some of his time while residing in the Alachua County Detention Center with various lawsuits against local officials. Nevertheless, failure to provide the required presuit notice is viewed by the courts as a temporary procedural bar to a lawsuit against the State or one of its subdivisions. See e.g. Wemett v. Duval County, 485 So.2d 892 (Fla. 1st DCA 1986); Lee v. South Broward Hosp. Dist., 473 So.2d 1322 (Fla. 4th DCA 1985); Askew v. County of Volusia, 450 So.2d 233 (Fla. 5th DCA 1984). Admittedly, Widmer did not take an appeal of the order dismissing his complaint without leave to amend. The cases we have just noted clearly indicate that a dismissal for failure to give presuit notice should be without prejudice where the statute of limitations has not yet run at the time of dismissal. Although these cases do not remedy Widmer's failure to appeal the order, they do very strongly indicate that failure to give presuit notice does not equate with "a complete absence of a justiciable issue of either law or fact ..." as required by section 57.105(1), Florida Statutes. Because the issue is not before us, we express no opinion as to whether the facts alleged by Widmer could have led to frivolous suit attorneys' fees, but we do hold that the mere failure to comply with presuit notice does not in and of itself allow an award of fees.
REVERSED.
BARFIELD, C.J., and WEBSTER, J., concur.