826 So.2d 423 (2002)
Richard H. GAHN, Virginia A. Walker, John Sapanski and Elizabeth Sapanski, his wife, Michael Massey and Havalyn Massey, his wife, and Ardith Rutland, Appellants,
v.
HOLIDAY PROPERTY BOND, LTD. and HPB Management, Ltd., Appellees.
No. 2D01-5613.
District Court of Appeal of Florida, Second District.
August 9, 2002.
Rehearing Denied September 30, 2002.
*424 Murray B. Silverstein of the Law Offices of Murray B. Silverstein, P.A., for Appellants.
*425 Joseph W. Fleece, III, and Charles W. Gerdes of Holland & Knight LLP, St. Petersburg, for Appellees.
STRINGER, Judge.
Appellants challenge a nonfinal order denying their motion for attorney's fees and costs filed pursuant to section 57.105, Florida Statutes (2000). We reverse.

Background
Appellants are residents of Snell Isle in St. Petersburg, Florida. They filed suit in the underlying action seeking a declaration that Appellees' proposed use of property located on the isle is prohibited by the city zoning code. Appellees, Holiday Property Bond, Ltd., and HPB Management, Ltd. (collectively HPB), operate the Holiday Points Program, which is similar to a conventional time-share. Holiday Property Bond, Ltd., is a limited company organized under the laws of the Isle of Man, British Islands, and maintains its principal business office in Douglas, Isle of Man. HPB Management, Ltd., is a limited company organized under the laws of England and Wales and maintains its principal business office in New Market, Suffolk, United Kingdom. HPB's investors or "bondholders" earn points by purchasing bonds in the program which may be used for vacation stays at a variety of HPB resorts abroad and in Florida. The record establishes that there are presently ten Florida properties available to HPB bondholders.
The property in dispute, Stovalls Landing, is a recent HPB acquisition and is located on Snell Isle. HPB purchased the property from Mary Stovall with the assistance of Boca Raton attorney, Joel Feldman, and John Gower, a local realtor. HPB intends to renovate and use the property for short-term stays by its bond-holders. In their complaint[1] Appellants contend that this use of the property is inconsistent with St. Petersburg's zoning code.
Appellees moved to dismiss the complaint and to quash service of process alleging that they are not subject to personal jurisdiction. Appellees ultimately withdrew the motion, but not before Appellants had conducted substantial discovery and filed a motion for attorney's fees and costs. Prior to filing their motion, Appellants propounded an interrogatory requesting information concerning communications between HPB officers and anyone located in Florida. Appellees failed to timely answer the interrogatory, and on January 9, 2001, Appellants moved to compel a response. The circuit court granted the motion and entered an order on March 7, 2001, compelling Appellees' response. On that date, counsel for Appellees advised the circuit court by letter of Appellees' intent to answer the complaint, making it unnecessary for the court to rule on the issue of personal jurisdiction.
On December 7, 2001, the court denied Appellants' motion to tax fees and costs, finding that Appellees' motion to dismiss presented justiciable issues of fact and law. Because the record demonstrates that Appellees' objection to personal jurisdiction was supported neither by material facts nor by the application of existing law, the court abused its discretion in denying Appellants' motion for fees and costs.

Discussion

Section 57.105 Cost and Fee Awards
This court reviews an order denying a motion for attorney's fees and costs *426 for an abuse of discretion. Dep't of Transp. v. Kisinger Campo & Assocs., 661 So.2d 58, 59 (Fla. 2d DCA 1995). Section 57.105 presently provides:
(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
. . .
(3) At anytime in any civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, ... the assertion of any claim or defense, ... was taken primarily for the purpose of unreasonable delay, the court shall award damages to the moving party for its reasonable expenses incurred in obtaining the order which may include attorney's fees, and other loss resulting from the improper delay.
§ 57.105(1)(a), (b), (3).
The 1999 amendment to section 57.105 substantively changed the standard for awarding fees for baseless actions and defenses. Ch. 99-225, § 4, at 1406 Laws of Fla.; Forum v. Boca Burger, Inc., 788 So.2d 1055, 1060-61 (Fla. 4th DCA 2001), review granted, 817 So.2d 844 (Fla.2002). As the Fourth District noted in Boca Burger, cases interpreting the language of the former version of section 57.105 are now of little precedential value because the 1999 amendment altered the substantive standard for making fee determinations under the statute. Id. at 1061. Prior to the amendment, fees could only be awarded in cases where there was a "complete absence of a justiciable issue of either law or fact" in the nonmoving party's position. § 57.105(1), Fla. Stat. (1997). Fees may now be awarded under this statute if evidence establishes that the party or attorney knew or should have known that the claim or defense was (a) not supported by material facts or (b) not supported by the application of existing law. § 57.105(1)(a), (b), Fla. Stat. (2000). Therefore, in order to determine whether the trial court abused its discretion in denying Appellants' motion for fees, we must consider whether Appellees' motion to dismiss was supported by material facts or the application of existing law.

Long-Arm Jurisdiction & Minimum Contacts
In order to exercise personal jurisdiction over a nonresident defendant, the court must first determine whether the plaintiff's complaint alleges sufficient facts which bring the action within the purview of the applicable long-arm statute, in this case section 48.193(1)(a) and (2), Florida Statutes (2000). Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989); Mainland Transp., Inc. v. Dietz, 691 So.2d 642 (Fla. 2d DCA 1997). After considering the sufficiency of the allegations, the court must determine whether the nonresident defendant has sufficient minimum contacts with Florida so as to satisfy due process requirements. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); Doe v. Thompson, 620 So.2d 1004 (Fla.1993). Minimum contacts are said to exist if the *427 defendant's relationship and activity with the forum state (1) are related to the plaintiff's cause of action or have given rise to it, (2) involve some purposeful availment of the privilege of conducting business activity within the forum, and (3) are such that the defendant should reasonably anticipate being haled into court there. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 631 (11th Cir.1996). The nonresident defendant who wishes to challenge personal jurisdiction may effectively shift the burden of establishing a sound basis for asserting jurisdiction back to the plaintiff by filing a sworn statement refuting the jurisdictional allegations of the complaint. Venetian Salami, 554 So.2d at 502.
In their motion to dismiss, Appellees argued that the long-arm statute requires that Appellants plead sufficient facts to establish a nexus between the acts alleged to support personal jurisdiction and the acts giving rise to the cause of action. We find this requirement satisfied by specific facts set forth in paragraphs eight through ten and twenty-one of the complaint. These paragraphs allege that Appellees are actively involved in the operation and management of resort properties located in Florida, including the subject property; that Appellee HPB Management, Ltd., is responsible for the developmental activities on the subject property; that as part of Appellees' development plans, they have exchanged correspondence with the City of St. Petersburg and the seller in an effort to procure permits for the redevelopment project; that Appellees retained a Florida realtor to locate the property and negotiate terms for its purchase; that Appellees were the contractual purchasers of the property; and that Appellees engaged a Florida engineer to draft proposed improvements to the property. In our view, the complaint is very specific concerning acts by Appellees which gave rise to the underlying dispute over the proposed use of the Stovalls Landing property. These allegations, which track Appellees' efforts to secure the property for use in their Holiday Points Program, also satisfy minimum contact requirements. The complaint alleges conduct demonstrating that Appellees purposefully availed themselves of the privilege of using Florida professionals to procure and develop Florida property intended to be offered to bondholders in their Holiday Points Program. Based on this conduct, it may reasonably be said that Appellees should have anticipated being haled into court in Florida for any action arising from their activities and efforts in procuring and developing the property for this intended use.
We now turn to the sufficiency of the affidavits filed in support of Appellees' motion to dismiss. When a foreign defendant challenges personal jurisdiction by sworn statement, the burden of establishing jurisdiction is only shifted to the plaintiff if the affidavit contests the factual basis of long-arm jurisdiction asserted in the complaint. QSR, Inc. v. Concord Food Festival Inc., 766 So.2d 271, 274 (Fla. 4th DCA 2000) (citing Wash. Capital Corp. v. Milandco, Ltd., 695 So.2d 838, 841 (Fla. 4th DCA 1997)). Affidavits were filed on behalf of HPB Management, Ltd., and Holiday Property Bond, Ltd., and neither affidavit refutes the aforementioned allegations. These affidavits state that Appellees do not maintain business offices, registered agents, or any employees in Florida; are not the record title holders of any real property in Florida; do not maintain a mailing address or telephone listing in Florida; do not solicit business in Florida; are not registered to transact business in Florida; and do not pay taxes in Florida. While the affidavits may be legally sufficient to rebut the jurisdictional allegations *428 of a complaint which merely parrots the long-arm statute, they are insufficient to refute the specific jurisdictional allegations of the complaint in this case. Compare, e.g., Kin Yong Lung Indus. Co. v. Temple, 816 So.2d 663 (Fla. 2d DCA 2002) (finding affidavit legally sufficient to rebut jurisdictional allegations of complaint where affidavit alleged that foreign defendant did not do business in Florida nor did it otherwise have any contact with the state); Peznell v. Doolan, 722 So.2d 881 (Fla. 2d DCA 1998) (reversing the denial of a motion to dismiss where complaint made conclusory allegations sufficient to raise jurisdiction, and opposing affidavit made equally conclusory allegations to support defendant's claim of no jurisdiction). Furthermore, we conclude that at the time the affidavits were filed or at the latest during discovery, Appellees and their attorneys knew or should have known that their position on jurisdiction was wholly unsupported by material facts and existing law.
Discovery revealed that Adrian Warner, Joel Feldman, and John Gower are agents and/or representatives of Appellees and conduct ongoing business for them in Florida. Ms. Warner's testimony confirms a twelve-year relationship with Appellees managing properties for use by HPB bondholders. As local property manager, Ms. Warner is supervised from England by Michael Drury, an HPB employee, who delegates to Ms. Warner management authority over the units. During her tenure as property manager, Ms. Warner has attended several meetings at HPB Management's headquarters in England. According to Ms. Warner, HPB officers have also traveled from England to attend meetings here in Florida. Most recently HPB Management officer, G.D. Baber (author of its affidavit opposing personal jurisdiction), attended a meeting in St. Petersburg in connection with the purchase and proposed use of the Stovalls Landing property. The answering machine at Ms. Warner's office announces to callers that they have reached the local office of HPB. Ms. Warner also uses HPB letterhead for property-related correspondence.
Mr. Feldman has served as HPB's legal counsel here in Florida for approximately fifteen years and has represented Appellees in several matters including "any issues that have come up with regard to the purchase, the furnishing, the contracts that they had, insurance issues, their ownership in relation to the condominium associations, basically anything and everything that would ... require an attorney." Mr. Feldman also represented Appellees in negotiations for the purchase of the Stovalls Landing property. In a letter to Dr. George Stovall, Mary Stovall's son, explaining the Holiday Points Program and expressing HPB's interest in the property, Mr. Feldman wrote that HPB owns approximately ten properties in Pinellas County, Florida, and Orlando, Florida; that HPB pays all the bills related to those properties, including ad valorem taxes; and that HPB will pay all expenses associated with the operation and maintenance of the Stovalls Landing property. Mr. Feldman created Stovalls Landing, Inc. for the sole purpose of holding title to the property at issue in this case. This corporation has no employees and conducts no business operations related to the subject property.
John Gower is a Florida-licensed realtor. As do Mr. Feldman and Ms. Warner, Mr. Gower shares a long-term business relationship with Appellees and has represented them in connection with property transactions off and on for eight years. During his years of service to Appellees, Mr. Gower has met with HPB employees and officers on a number of occasions. The most recent meeting was in connection with the purchase of the Stovalls Landing property. *429 After learning that Appellees were interested in establishing a Florida site to be used exclusively by HPB bondholders, Mr. Gower conducted a public records search and identified owners of a number of suitable properties. Mary Stovall was among them. HPB officer, Geoffrey Baber, directed Mr. Gower to make an offer on the Stovalls Landing property and dictated the terms of that offer.
In view of these facts, we find that Appellees' motion to dismiss was not supported by material facts or the application of existing law to these material facts, particularly after these facts, and others, were disclosed during discovery. While lack of personal jurisdiction may have initially appeared to be a meritorious defense, facts disclosed during discovery made Appellees' jurisdictional challenge completely untenable. Nevertheless, Appellees maintained their position and rebuffed an invitation to withdraw the motion to dismiss before Appellants sought attorney's fees and costs related to the motion. Section 57.105 now permits the merit of claims and defenses to be measured when the claim or defense is asserted, or anytime prior to trial. § 57.105(1); Weatherby Assoc. v. Ballack, 783 So.2d 1138, 1142 (Fla. 4th DCA 2001) ("Although a claim may not have been frivolous when initially filed, failure to discharge a party when it becomes evident that there no longer is a justiciable claim or defense may subject a losing party to the penalties of section 57.105."). On remand, the circuit court shall determine the appropriate amount of fees incurred in defending the complaint against the motion to dismiss. The court shall also conduct an inquiry into what defense counsel knew about Appellees' business activities and relationships in Florida. If evidence establishes that counsel was aware of Appellees' local contacts, business relationships, and operations, attorney's fees should also be levied against him or her personally. § 57.105(1) (providing that fees should be paid in equal shares by the nonmoving party and attorney unless it appears that the attorney acted in good faith on the representations of his or her client as to the existence of material facts). Moreover, the court may consider awarding damages pursuant to section 57.105(3) in connection with its order granting Appellants' motion to compel a response to Appellants' interrogatory number three.
Reversed and remanded for further proceedings.
SALCINES and SILBERMAN, JJ., Concur.
NOTES
[1] Appellants' complaint also names Stovalls Landing, Inc., the City of St. Petersburg, and Julie Weston, a city official, as defendants.