930 So.2d 739 (2006)
Z. Paige BARTHLOW, Appellant,
v.
James B. JETT, as Clerk of the Circuit Court in and for Clay County, Florida, Appellee.
No. 1D05-4177.
District Court of Appeal of Florida, First District.
May 4, 2006.
Rehearing Denied June 5, 2006.
*740 Roger D. Hall of Roger D. Hall, P.A., Orange Park, for Appellant.
Robert L. McLeod II of The McLeod Firm, St. Augustine, for Appellee.
KAHN, C.J.
Appellant, Z. Paige Barthlow, challenges an order awarding attorney's fees and costs to appellee, James B. Jett, Clerk of the Circuit Court in and for Clay County, as sanctions for a violation of section 57.105, Florida Statutes. Because we find the trial court did not abuse its discretion in making this award, we affirm.
In February 2005, Barthlow filed an action for wrongful discharge against Jett under the Florida Whistle-blower's Act, sections 112.3187 through 112.31895, Florida Statutes (2004). On February 25, 2005, Jett filed a motion to dismiss for failure to comply with section 768.28(6)(a), Florida Statutes, which provides that no action may be instituted against the State or its subdivisions without first having provided written notice of the claim to the appropriate agency and the Florida Department of Insurance. Barthlow, through counsel, sought a default judgment, arguing that Jett had failed to file or serve an answer and the motion to dismiss was void because it was filed by substitute counsel in the absence of an order of substitution; Barthlow also challenged the appearances of Jett's attorneys as invalid.
On June 8, 2005, the trial court denied the motion for default and dismissed the action without prejudice. Concerning the motion for default, the court found, "[T]he court file reflects the only attorneys who have filed appearances in this cause of action are Mr. McLeod and Mr. Hession and there is no impropriety in their having done so." The court granted the motion to dismiss without prejudice because of Barthlow's admitted non-compliance with notice requirements in section 768.28(6)(a). The court subsequently granted Jett's request for fees pursuant to section 57.105. This appeal followed.
"[T]he award of attorney's fees is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion." DiStefano Constr., Inc. v. Fid. & Deposit Co. of Md., 597 So.2d 248, 250 (Fla.1992); see, e.g., Jones & Granger v. Johnson, 788 So.2d 381, 382 (Fla. 1st DCA 2001) ("[O]ur standard of review in reviewing an award of attorney's fees is whether the trial court abused its discretion."). The statute pursuant to which the trial court assessed fees in this case provides:
Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
However, the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to *741 the existence of those material facts. If the court awards attorney's fees to a claimant pursuant to this subsection, the court shall also award prejudgment interest.
§ 57.105(1), Fla. Stat. (2004). The 1999 revision to section 57.105 "lowered the bar a party must overcome before becoming entitled to attorney's fees." Albritton v. Ferrera, 913 So.2d 5, 8 (Fla. 1st DCA 2005). As this court has explained:
This statute was adopted as part of the 1999 Tort Reform Act in an effort to reduce frivolous litigation and thereby to decrease the cost of employing the civil justice system. The Legislature sought to accomplish these goals by subjecting litigants and their lawyers to a financial consequence if they assert baseless claims or defenses. Section 57.105, Florida Statutes (1999), expands the remedies that were previously available.
A court could award attorney's fees under the prior version of section 57.105, only if there was a "complete absence of a justiciable issue of either law or fact." The essential finding the court was required to make to justify an award of fees under the prior statute could only be made at the conclusion of the entire case. Until then, the trial court would be unable to determine whether all of the arguments on one side of the case were frivolous.
In contrast, the present version of the statute authorizes an award of attorney's fees "on any claim or defense at any time during a civil proceeding or action." This language plainly signifies that the court may award an attorney's fee for a particular claim or defense, even before the case has been concluded. It is possible then that a court may assess attorney's fees against a party who has asserted an unsupportable claim or defense, even though that party might ultimately prevail in the case on some other ground.
Bridgestone/Firestone, Inc. v. Herron, 828 So.2d 414, 417 (Fla. 1st DCA 2002) (citations omitted); see Albritton, 913 So.2d at 8 ("Under the 1999 version, a party may be subject to fees if a claim is not dropped or dismissed when it becomes evident it is no longer justiciable, even though it may not have been frivolous when filed. The 1999 version `imposes a duty, or at least a penalty for failing to voluntarily dismiss a claim or defense when it becomes clear that the claim or defense is untenable.'" (citations omitted)).
In this case, the trial court awarded fees under section 57.105(1) for two reasons: (1) Barthlow's complaint was filed in the absence of compliance with presuit notice requirements in section 768.28(6)(a) and, when notified of this defect, Barthlow did not voluntarily dismiss the complaint; and (2) Barthlow filed a motion for default judgment without any factual or legal basis because McLeod and Hession were the only attorneys to have entered an appearance on behalf of Jett, did so in a timely fashion, and filed responsive pleadings. Barthlow does not argue or demonstrate that either of these reasons is unsupported by the record.
Barthlow argues instead that the trial court erred in awarding fees because the trial court also determined the whistle-blower action was not frivolous. Even if Barthlow ultimately prevails in her action, however, the statute allows an award of fees at this stage for the reasons found by the trial court. "[A] court may assess attorney's fees against a party who has asserted an unsupportable claim or defense, even though that party might ultimately prevail in the case on some other ground." Herron, 828 So.2d at 417.
*742 Barthlow also disputes the trial court's award of fees for failure to comply with the presuit notice requirements. She contends such failure cannot form the basis for a section 57.105 fee award. In support of this argument, Barthlow cites Widmer v. Caldwell, 714 So.2d 1128 (Fla. 1st DCA 1998). This court did hold in Widmer that "the mere failure to comply with presuit notice does not in and of itself allow an award of fees" pursuant to section 57.105. Id. at 1129. The Widmer decision is distinguishable from this case, however. First, Widmer involved the pre-1999 version of section 57.105, which, as explained above, included a higher standard for a fee award. Id. at 1128-29. Second, in Widmer, the failure to comply with presuit notice requirements served as the only basis for the fee (erroneously) awarded. Id. at 1129. Here, the court awarded fees because of the motion for default judgment and for Barthlow's refusal to dismiss and refile after compliance with presuit notice requirements.
AFFIRMED.
LEWIS and POLSTON, JJ., concur.