WALLACE, Judge.
 

 Country Place Community Association, Inc., appeals the circuit court’s order denying its motion for attorney’s fees under section 57.105(1), Florida Statutes (2008). Country Place moved for an award of attorney’s fees against J.P. Morgan Mortgage Acquisition Corp. after the circuit court dismissed J.P. Morgan’s mortgage foreclosure action filed against Country Place and several other defendants.
 
 [1]
 
 The circuit court denied the motion for attorney’s fees because J.P. Morgan could still prevail in a new foreclosure action. But the circuit court should have assessed attorney’s fees under the statute against J.P. Morgan for asserting an unsupportable claim even though J.P. Morgan may prevail if the action is refiled. For this reason, we reverse the circuit court’s denial of attorney’s fees to Country Place.
 

 I. THE FACTS AND PROCEDURAL BACKGROUND
 

 J.P. Morgan filed an action against several defendants — including Country Place, a lienholder — to foreclose a mortgage on a residence located in Hillsborough County. J.P. Morgan included in its complaint a count seeking the reestablishment of a lost note. The lender named in the copy of the note and mortgage attached to the complaint was First Franklin Financial Corporation. The mortgage designated Mortgage Electronic Registration Systems, Inc., as the mortgagee. J.P. Morgan did not attach to its complaint any evidence of an assignment of either the note or the mortgage in its favor. When J.P. Morgan filed the action, no assignment of the mortgage in its favor had been recorded in the public records of Hillsborough County.
 

 Country Place answered the complaint and asserted the defense that J.P. Morgan lacked standing to bring the action because it did not own the note and mortgage. During the pendency of the foreclosure action, J.P. Morgan never produced any evidence that it owned the note and mortgage that were the subject of the proceeding. As a result of its failure to respond to requests for admissions propounded to it by Country Place, J.P. Morgan admitted that it had no evidence to show that it owned or possessed the note and mortgage on the date it filed the mortgage foreclosure action. J.P. Morgan never sought relief from the effect of its failure to respond to the requests for admissions.
 

 Country Place moved for summary judgment based on J.P. Morgan’s inability to demonstrate that it owned or possessed the note and mortgage when the action was filed. J.P. Morgan did not file any affidavits in opposition to Country Place’s motion or otherwise respond to it. In fact, J.P. Morgan’s counsel failed even to attend the hearing. After the hearing, the circuit court entered a final summary judgment dismissing the mortgage foreclosure action without leave to amend. In the order granting the summary judgment, the circuit court also directed: “A new suit must be filed.” J.P. Morgan did not either move for rehearing of the summary judgment or take an appeal from it.
 

 
 *1178
 
 Country Place had previously served, but did not file, a copy of its motion for attorney’s fees on J.P. Morgan in accordance with the safe harbor provision of section 57.105(4). After its receipt of a copy of the motion, J.P. Morgan neither withdrew its complaint nor took any steps to address the issue of its standing to maintain the foreclosure action. Upon the entry of the summary judgment in its favor, Country Place timely moved for an award of attorney’s fees under section 57.105(1). Based on J.P. Morgan’s admitted lack of standing to maintain the action when it was filed, Country Place argued that J.P. Morgan and its attorneys knew or should have known that their action was unsupportable.
 

 At a hearing on Country Place’s motion for attorney’s fees, an attorney appeared for J.P. Morgan and announced that he had in his possession “the original note and mortgage evidencing that we have a validly endorsed note in which [J.P. Morgan] does have the standing to bring forth this action.”
 
 [2]
 
 The circuit court informed counsel for J.P. Morgan that he would need to file a new foreclosure action. The circuit court then heard arguments on the issue of Country Place’s entitlement to attorney’s fees under section 57.105(1). In addition, the circuit court took evidence and heard arguments concerning the amount of a reasonable fee for Country Place’s attorney.
 

 After the hearing, the circuit court entered a written order denying Country Place’s motion. On the issue of entitlement, the circuit court ruled:
 

 [J.P. Morgan’s] counsel argues that there should be no entitlement to fees at [J.P. Morgan’s] expense because it still has a viable cause of action, and already obtained a default, against the primary defendant, Ricardo Barranco. [J.P. Morgan] holds the subject mortgage and note and is entitled to foreclose its note and mortgage as against all defendants, including [Country Place].
 

 This Court agrees with [J.P. Morgan] and determines, as a matter of law, that [Countrg Place] is not entitled to the claimed attorney’s fees under the fee-shifting provisions of Chapter 57.
 

 Although its ruling on the issue of entitlement made it unnecessary to address the issue of amount, the circuit court also found that the amount of a reasonable attorney’s fee for Country Place’s counsel would be $6945.
 
 [3]
 
 This appeal followed.
 

 
 *1179
 
 II. THE STANDARD OF REVIEW
 

 Generally speaking, our standard of review of an order denying a motion for attorney’s fees and costs under section 57.105(1) is abuse of discretion.
 
 See Gahn v. Holiday Prop. Bond, Ltd.,
 
 826 So.2d 423, 425-26 (Fla. 2d DCA 2002) (citing
 
 Dep’t of Transp. v. Kisinger Campo & Assocs.,
 
 661 So.2d 58, 59 (Fla. 2d DCA 1995)). But where, as in this case, the circuit court’s determination of entitlement to attorney’s fees is based on a conclusion of law concerning the interpretation of a statute or contractual provision, we employ a de novo standard of review.
 
 See Gibbs Constr. Co. v. S.L. Page Corp.,
 
 755 So.2d 787, 790 (Fla. 2d DCA 2000);
 
 Ware v. Land Title Co. of Fla., Inc.,
 
 582 So.2d 46, 46-47 (Fla. 2d DCA 1991);
 
 Stevens v. Zakrzewski,
 
 826 So.2d 520, 521 (Fla. 4th DCA 2002).
 

 III. DISCUSSION
 

 We begin our discussion by noting that J.P. Morgan’s counsel appeared at the hearing on Country Place’s motion for attorney’s fees and successfully argued that Country Place was not legally entitled to an award of attorney’s fees under section 57.105(1). However, J.P. Morgan has failed to file a brief to assist this court in resolving the issues raised by Country Place’s appeal of the circuit court’s order. As this court has observed before:
 

 Failure to file a brief places an undue burden on the appellate court and reflects an omission of appellee’s responsibility to support the trial court. If the ruling of the trial court is not worthy of support, then appellee ought to confess error and join with the appellant in seeking a reversal.
 

 Geisler v. Geisler,
 
 397 So.2d 1216, 1217 n. 1 (Fla. 2d DCA 1981).
 

 Because J.P. Morgan did not own or possess the note and mortgage when it filed its lawsuit, it lacked standing to maintain the foreclosure action.
 
 See Bank of N.Y. v. Williams,
 
 979 So.2d 347, 347 (Fla. 1st DCA 2008);
 
 Jeff-Ray Corp. v. Jacobson,
 
 566 So.2d 885, 886 (Fla. 4th DCA 1990). It follows that when J.P. Morgan filed its mortgage foreclosure action, it knew or should have known that its action was unsupported by the material facts necessary to establish the claim. So, absent some compelling reason to the contrary, Country Place was entitled to an award of attorney’s fees under section 57.105(1).
 
 See In re Forfeiture of: 1997 Jeep Cherokee,
 
 898 So.2d 223, 225 (Fla. 2d DCA 2005);
 
 Yakavonis v. Dolphin Petroleum, Inc.,
 
 934 So.2d 615, 619-20 (Fla. 4th DCA 2006).
 

 The circuit court concluded that Country Place was not entitled to an award of fees under the statute because J.P. Morgan might still prevail when it filed a new foreclosure action. The circuit court’s ruling would probably have been correct under the version of the statute in effect before the 1999 amendments.
 
 See
 
 ch. 99-225, § 4, at 1406, Laws of Fla. Under the earlier version of the statute, the determination of a party’s entitlement to fees had to be made based on the entire action.
 
 See Remova Pool Fence Co. v. Roth,
 
 647 So.2d 1022, 1024 (Fla. 4th DCA 1994) (construing the 1991 version of section 57.105(1)),
 
 superseded by statute on other grounds as stated in Heilman v. Fla. Dep’t of Revenue,
 
 727 So.2d 958 (Fla. 4th DCA 1999). The circumstance that a portion of the action might be frivolous did not warrant an award of attorney’s fees under the statute.
 
 Id.
 

 But the 1999 amendments to the statute have “lowered the bar a party must overcome before becoming entitled to attorney’s fees pursuant to section 57.105, Florida Statutes.”
 
 Albritton v. Ferrera,
 
 913 So.2d 5, 8 (Fla. 1st DCA 2005). In 1999,
 
 *1180
 
 section 57.105(1) was amended to provide in pertinent part as follows:
 

 Upon the court’s initiative or motion of any party, the court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense
 
 at any time
 
 during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
 

 (a) Was not supported by the material facts necessary to establish the claim or defense; or
 

 (b) Would not be supported by the application of then-existing law to those material facts.
 

 Ch. 99-225, §§ 4, 36, at 1406, 1428, Laws of Fla. (effective Oct. 1, 1999) (emphasis added).
 
 [4]
 
 As amended, the statute authorizes “an award of attorney’s fees when a claim, pleading or other filing — as opposed to the entire case — is without merit.”
 
 Walker v. Cash Register Auto Ins. of Leon County, Inc.,
 
 946 So.2d 66, 70 (Fla. 1st DCA 2006);
 
 see also Boca Burger, Inc. v. Forum,
 
 912 So.2d 561, 570 (Fla.2005) (“[T]he statute no longer applies only to an entire action; it now applies to
 
 any
 
 claim or defense.”).
 

 The First District has explained this difference between the prior and current versions of the statute as follows:
 

 A court could award attorney’s fees under the prior version of section 57.105, only if there was a “complete absence of a justiciable issue of either law or fact.” § 57.105, Fla. Stat. (1997);
 
 Muckenfuss v. Deltona Corp.,
 
 508 So.2d 340 (Fla.1987). The essential finding the court was required to make to justify an award of fees under the prior statute could only be made at the conclusion of the entire case. Until then, the trial court would be unable to determine whether all of the arguments on one side of the case were frivolous.
 

 In contrast, the present version of the statute authorizes an award of attorney’s fees “on any claim or defense
 
 at any time
 
 during a civil proceeding or action.” § 57.105, Fla. Stat. (1999) (emphasis added). This language plainly signifies that the court may award an attorney’s fee for a particular claim or defense, even before the case has been concluded. It is possible then that a court may assess attorney’s fees against a party who has asserted an unsupportable claim or defense,
 
 even though that party might ultimately prevail in the case on some other ground.
 

 Bridgestone/Firestone, Inc. v. Herron,
 
 828 So.2d 414, 417 (Fla. 1st DCA 2002) (second emphasis added).
 

 The decision in
 
 Barthlow v. Jett,
 
 930 So.2d 739 (Fla. 1st DCA 2006), is directly on point. In
 
 Barthlow,
 
 the plaintiff filed an action for wrongful discharge against the defendant under the Florida Whistleblower’s Act, §§ 112.3187-.31895, Fla. Stat. (2004).
 
 Id.
 
 at 740. The defendant moved to dismiss on the ground of the plaintiffs failure to give the requisite notice in accordance with section 768.28(6)(a), Florida Statutes.
 
 Id.
 
 The circuit court dismissed the action without prejudice based on the plaintiffs admitted failure to comply with the statutory notice requirements.
 
 Id.
 
 Later, the circuit court granted the defendant’s request for fees under section 57.105.
 
 Id.
 
 The plaintiff appealed the fee award.
 
 Id.
 

 On appeal, the plaintiff argued that the circuit court erred in awarding fees he-
 
 *1181
 
 cause it also determined that the whistle-blower action was not frivolous.
 
 Id.
 
 at 741. The First District rejected this argument. Citing its earlier decision in
 
 Her-ron,
 
 the First District explained that the defendant was entitled to fees at that particular point in the litigation whether or not the plaintiff ultimately prevailed on her whistle-blower action.
 
 Id.
 

 Here, as in
 
 Barthlow,
 
 J.P. Morgan’s mortgage foreclosure action was unsupported by the material facts necessary to establish the claim because J.P. Morgan lacked standing when the action was filed. For the purpose of awarding fees under section 57.105(1), it does not matter that J.P. Morgan may be able to prevail in a new action to foreclose. Thus the circuit court erred as a matter of law in concluding that J.P. Morgan’s ability to file a new foreclosure action disentitled Country Place to an award of attorney’s fees. Accordingly, we reverse the circuit court’s order to the extent that it denies Country Place’s motion for attorney’s fees. On remand, the circuit court shall enter an order in accordance with section 57.105(1) awarding Country Place its attorney’s fees in the amount of $6945.
 

 Reversed in part and remanded.
 

 LaROSE and MORRIS, JJ., Concur.
 

 [1]
 

 . The other parties in the circuit court proceeding did not join in or oppose this appeal. We have omitted them from the style of this case to avoid confusion.
 

 [2]
 

 . The note had apparently been endorsed in blank. Oddly, J.P. Morgan had filed an "Affidavit of Lost Original Instruments" after the entry of the adverse summary judgment and about seven weeks before the hearing on Country Place’s motion for attorney’s fees. In the affidavit, J.P. Morgan's representative swore that the original note and mortgage "have been lost or misplaced and cannot be located by Plaintiff. Plaintiff has caused an extensive search of Plaintiff’s records and said Note and Mortgage cannot be found.”
 

 [3]
 

 . Country Place’s counsel stated at the beginning of the hearing that he was requesting a hearing on “both entitlement and quantum.” After the parties had made their arguments on the issue of entitlement, the circuit court announced:
 

 Well, I’m going to temporarily reserve on the issue of entitlement. If I go in [Country Place’s] favor, then I want to have, if necessary for appellate review, an amount of money laid down that I were to find reasonable and causally necessary.
 

 If I don't, then that would provide [Country Place] with at least an evidentiary basis where, if the District Court disagrees with me on that count, we wouldn’t have to do this exercise again.
 

 Country Place’s counsel did not object to the procedure announced by the circuit court. On appeal, Country Place does not challenge the circuit court’s determination that $6945 was a reasonable fee for the services of its attorney.
 

 [4]
 

 . Since 1999, section 57.105(1) has been amended to provide for an award of prejudgment interest on attorneys’ fees awarded under that section. See ch. 10-129, §§ 1, 2, at 641-42, Laws of Fla. (effective July 1, 2010).