ANN WALSH BRADLEY, J. (dissenting).
¶ 35 I agree with the court of appeals that "the rules of evidence may not be sidestepped based on the common sense expectation that the particular entity seeking to enforce a note is generally going to be the entity legally entitled to enforce the note." Deutsche Bank Nat'l. Tr. Co. v. Wuensch, No. 2015AP175, unpublished order at 7, 2016 WL 8607455 (Wis. Ct. App. Aug. 23, 2016).
¶ 36 The precepts that govern the admissibility of evidence at trial do not rest merely on a particular person's idea of common sense. Rather they rest on the rule of law. The rules of evidence have been hewed over centuries so "that the truth may be ascertained and proceedings justly determined." Wis. Stat. § 901.02. Indeed, the rules of evidence stand as both a safeguard and cornerstone for the fair administration of justice.
¶ 37 The presentation of admissible evidence is carefully circumscribed. There are only four pathways for the introduction of admissible evidence. See Wis JI-Civil 50 (2014). Given that "possession" is the essential question here, even a cursory review of the record reveals that no evidence was presented bearing on that issue:
• Evidence is the sworn testimony of witnesses-no sworn testimony on possession was presented.
*753 *14 • Evidence is deposition testimony presented at trial-no deposition testimony on possession was presented.
• Evidence is exhibits admitted by the court-no exhibits addressing possession were admitted.
• Evidence is agreements, stipulations, or facts the court directs the jury to find-there are no agreements or stipulations that Deutsche Bank holds the Note and its possession is not subject to judicial notice.[1]
¶ 38 Disregarding the evidentiary rules, the majority allows an attorney to introduce dispositive facts through unsworn statements and without calling a witness. Because I determine that Deutsche Bank's end run around the evidentiary rules is impermissible, I respectfully dissent.
I
¶ 39 The majority initially states that "[t]he issue before this court is whether presentment by a party's attorney of an original, wet-ink note endorsed in blank is admissible evidence and enforceable against the borrower without further proof that the holder had possession at the time the foreclosure action was filed." Majority op., ¶ 2 (emphasis added). Yet, it is unclear what the majority considers the issue to be.
*754 Without even attempting to answer the question as initially presented, it jettisons this question and focuses instead on possession at the time of trial. Which is it?
¶ 40 If the question we are answering is based on possession at the time of filing, then Deutsche Bank must surely lose. Not only did Deutsche Bank fail to provide admissible evidence of its possession of the Note at the time of trial, it also certainly failed to present any information whatsoever to indicate that it possessed the Note at the time this action was filed. In other words, it failed to establish that it had standing to maintain the action in the first instance.[2] On this additional basis alone, Deutsche Bank may have failed to demonstrate its entitlement to enforce the Note.
¶ 41 Ultimately, the majority determines that "presentment to the trier of fact in a mortgage foreclosure proceeding of the original, wet-ink note endorsed in blank, establishes the holder's possession and entitles the holder to enforce the note." Id. In its view, Wis. Stat. § 403.301[3] is satisfied because "Deutsche *755 Bank's counsel physically possessed the original Note on his client's behalf at trial...." Id., ¶24. *15 II
¶ 42 In order to maintain a foreclosure action, Deutsche Bank must demonstrate its entitlement to enforce the Note and Mortgage. The Note in this case is endorsed in blank and is therefore enforceable by the bearer. See Wis. Stat. § 403.205(2). Accordingly, Deutsche Bank must prove, by admissible evidence, that it is the bearer of the Note.
¶ 43 Neither the majority's approach nor its conclusion is framed by the rules of evidence. Relying on Wis. Stat. § 403.301 only, the majority sidesteps normal and accepted evidentiary procedure.
¶ 44 Possession, like any other evidentiary fact, is typically presented through the sworn testimony of a witness with knowledge of such possession. See Wis. Stat. §§ 909.01, 909.015(1). This remains as true in the foreclosure context as it is in all others.
¶ 45 Despite this well known and established procedure, the Note here was merely presented to the court by Deutsche Bank's counsel. The transcript reveals the following exchange between Deutsche Bank's counsel, Mr. Karnes, and Wuensch's counsel, Mr. Peterson:
MR. KARNES: Your Honor, I'm handing Mr. Peterson a copy of the original [N]ote. I also have the original here today. I'm going to allow him to inspect the original document and compare it to the copy.
MR. PETERSON: Your Honor, I have inspected two different documents. One appears to be a copy of another document. Whether this is an original [N]ote, I have no idea nor could I conclude that, I'm not a witness.
*756 ¶ 46 The circuit court examined the documents and stated, "When I looked at the document purporting to be an original, looks like original ink on signatures and appears to be the same as what has now been marked as a copy Exhibit 1...." It subsequently found:
The Plaintiff is the holder of the original Note, endorsed in blank. The Court is satisfied that the Plaintiff has in its possession the original ink Note. The Plaintiff produced the original ink Note at trial and the Court examined it. The Court is satisfied that it is the original Note executed by Wuensch on December 18, 2006. Exhibit 1 is a true and accurate copy of the original ink Note.
¶ 47 In comparing the circuit court's subsequent findings of fact to the actual exchange in court[4] underlying the circuit court's findings, a critical inaccuracy in the findings of fact is illuminated. As cited above, Deutsche Bank's counsel, and not any employee of Deutsche Bank, presented the purported Note to the court ("I also have the original here today. I'm going to allow him to inspect the original document and compare it to the copy.") (emphasis added). The attorney did not actually address Deutsche Bank's possession of the Note.
¶ 48 Nevertheless, the majority accepts Deutsche Bank's invitation to simply infer that because Deutsche Bank's counsel had the Note in his possession, he must have received it from Deutsche Bank. Yet *757 no witness testified to this and no evidence was presented at trial that would support this inference.[5] *16 ¶ 49 The circuit court took no sworn testimony on the issue of possession. The Note was put before the circuit court only through the unsworn remarks of Deutsche Bank's attorney. This is problematic for several reasons. First, remarks of counsel are not evidence. Kenwood Equip., Inc. v. Aetna Ins. Co., 48 Wis. 2d 472, 481, 180 N.W.2d 750 (1970) ; Wis JI-Civil 50, at 5, 110 (2017). Indeed, Deutsche Bank's attorney could not have acted as a witness without potentially violating his professional ethical obligations. See SCR 20:3.7(a).[6]
¶ 50 Second, the attorney's statements were unsworn. It is well understood that "[b]efore testifying, *758 every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness's conscience and impress the witness's mind with the witness's duty to do so." Wis. Stat. § 906.03. Unsworn statements are "not evidence" and have "no proper place in [a] trial." Nelson v. State, 35 Wis. 2d 797, 812, 151 N.W.2d 694 (1967).
¶ 51 Finally, Deutsche Bank's attorney gave no indication he had personal knowledge of Deutsche Bank's possession of the Note. "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Wis. Stat. § 906.02. When proffering the Note to the circuit court, counsel did not use the word "possession" and did not make any statement akin to a claim that Deutsche Bank possessed the Note. In sum, no evidence was presented that Deutsche Bank possessed the Note.
¶ 52 The majority attempts to escape the conclusion that the circuit court erred with the assertion that "[a]n attorney presenting self-authenticating evidence to the trier of fact on behalf of his client is not acting in the same capacity as a witness delivering testimonial evidence." Majority op., ¶ 30. Then in what capacity was he acting? He was attempting to introduce evidence. If he was acting as counsel, then his remarks are not evidence. See Kenwood Equip., 48 Wis. 2d at 481, 182 N.W.2d 241. If he was acting as a witness, then he impermissibly provided unsworn testimony. See Wis. Stat. § 906.03.
¶ 53 The comments to SCR 20:3.7 emphasize the distinction between testimony and advocacy: "A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain *759 and comment on the evidence given by others." Here, the attorney attempted to straddle this line, but ultimately was unsuccessful on both fronts. He did not testify to any personal knowledge of possession, and there was no evidence offered on the topic about which he could comment.
¶ 54 By accepting Deutsche Bank's attorney's presentation of the Note, the circuit court created in essence an unrebuttable *17 presumption that Deutsche Bank possessed it. After the circuit court accepted the Note as the original and in the possession of Deutsche Bank, what was the homeowner to do? He could not cross examine the attorney, who was not under oath and not called as a witness.
¶ 55 Based on the actual evidence presented, I conclude that the circuit court's finding of fact that Deutsche Bank possessed the Note was clearly erroneous. There was no evidence to that effect presented and therefore Deutsche Bank failed to prove it possessed the Note.
III
¶ 56 The court of appeals recognized that its "mandate reversing the judgment of foreclosure in this action may appear at first blush to elevate form over substance and to produce a highly inefficient result." Deutsche Bank Nat'l. Tr. Co. v. Wuensch, No. 2015AP175, unpublished order at 8, 2016 WL 8607455 (Wis. Ct. App. Aug. 23, 2016). Contrarily, the majority opinion is certainly efficient.
¶ 57 Although efficiencies are admittedly important, adherence to the evidentiary rules should drive foreclosure proceedings. Courts should ensure that a lender has everything in order before issuing a foreclosure *760 judgment. The rules exist to ensure that "proceedings [are] justly determined." Wis. Stat. § 901.02. The corner cutting endorsed by the majority eschews the evidentiary rules and subverts that goal.
¶ 58 For the reasons set forth, I respectfully dissent.
¶ 59 I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this dissent.

A court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute" in that it is "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Wis. Stat. § 902.01(2). Deutsche Bank's possession of the Note is not subject to judicial notice. Not only is it subject to reasonable dispute, but it is in fact vigorously disputed.

Courts around the country have concluded that a party attempting to enforce a note must have possessed the note not only at the time of trial, but also at the time of filing in order to establish standing. See, e.g., Country Place Community Ass'n, Inc. v. J.P. Morgan Mortg. Acquisition Corp., 51 So.3d 1176, 1179 (Fla. Dist. Ct. App. 2010) ; Deutsche Bank Nat'l.Tr. Co. v. Haller, 100 A.D.3d 680, 682, 954 N.Y.S.2d 551 (2012) ; U.S. Bank, Nat'l. Ass'n v. Moore, 278 P.3d 596, ¶ 13 (Okla. 2012).

Wisconsin Stat. § 403.301 provides:
"Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument under s. 403.309 or 403.418(4). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

I use the term "exchange in court" here rather than "testimony" because counsel for Deutsche Bank was not testifying as a witness when introducing the Note, and the circuit court's finding that Deutsche Bank possessed the Note was not based on any actual testimony.

There was likewise no statement made regarding where counsel obtained the Note. I agree with the majority that such testimony is unnecessary: "[b]ecause of the nature of a note endorsed in blank, precisely how Deutsche Bank came into physical possession of the Note is not relevant." Majority op., ¶ 8. Thus, testimony on the topic of possession need not be extensive. A hypothetical witness need only provide testimony that the original note is in Deutsche Bank's possession, not testimony regarding how Deutsche Bank came to possess it.

SCR 20:3.7(a) provides:
(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.
Sub. (1) does not apply here because the issue of possession was contested, and neither sub. (2) nor (3) applies on its face.